■ BARBARA H. ADAMS, Appellant, v LINCOLN ADAMS, Respondent. — Appeal from an order of the Supreme Court, entered December 22, 1981 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury, which, *inter alia,* directed that plaintiff have a net judgment against defendant for arrears in child support payments and children's medical costs in the sum of $2,158.54, and denied plaintiff's request for an income deduction order pursuant to section 49-b of the Personal Property Law. Plaintiff and defendant entered into a separation agreement on November 11, 1977 which was amended on December 13, 1978. This agreement was subsequently incorporated but not merged in a divorce decree. It was provided in the agreement that plaintiff was to have custody of the two children of the marriage and defendant was to have rights to visit them upon reasonable notice; that defendant was to pay support for plaintiff and the children of $230 each month; that upon plaintiff obtaining employment defendant's support obligation was to be reduced down to a minimum of $50 each week which sum was deemed child support, and that child support payments would be adjusted annually according to the consumer price index. In August of 1979, plaintiff and the children moved to Louisiana. Plaintiff testified that upon arriving in Louisiana she accepted a job. It appears from the record that defendant's last support payment was made in December, 1980. Plaintiff commenced the present action in January, 1981 seeking a judgment for arrears in child support and an income deduction order pursuant to section 49-b of the Personal Property Law directing the deduction of support payments and arrears from defendant's salary. The trial court found that defendant owed total arrears of $2,524 for child support and medical expenses of $234.54. The court also found that defendant was entitled to an interest credit of $600 which is not argued with by plaintiff on this appeal. Plaintiff's request for an income deduction order was denied by the court because of defendant's loss of visitation rights resulting from plaintiff's removal to Louisiana. By order entered December 22, 1981 the court, *inter alia,* denied the request for an income deduction order and directed that plaintiff have a net judgment against defendant in the sum of $2,158.54. This appeal ensued. Concerning the income deduction order pursuant to section 49-b of the Personal Property Law, we are of the view that such relief is equitable in nature requiring that the party seeking the order come into court with clean hands (*Thaw v Thaw,* 89 Misc 2d 18, 20; cf. *Pal v Pal,* 45 AD2d 738). In the present case, the separation agreement incorporated in the divorce decree provided for visitation by defendant and plaintiff has effectively frustrated this right of defendant by moving with the children to Louisiana. She offered no proof that she was unable to find similar employment in a location which would not unduly interfere with defendant's visitation rights nor were any other exceptional circumstances presented necessitating plaintiff's removal to Louisiana. Consequently, on this record, we conclude that plaintiff was not entitled to the remedy of an income deduction order (cf. *Goldner v Goldner,* 284 App Div 961) and the trial court's decision in this regard was proper. Since defendant unilaterally stopped making payments and has not sought a modification of his support obligation, he should not be relieved of his obligation to pay arrears (see *Matter of Goldberg v Berger,* 31 AD2d 637). The trial court determined that since the middle of 1979 to

November 30, 1981, defendant was required to pay a total of $6,450. This amount is apparently based on a payment of $50 per week. However, the separation agreement incorporated in the divorce required that when child support was reduced to the minimum payment of $50 per week, said sum was subject to adjustment according to the consumer price index. Evidence of such an adjustment was submitted by plaintiff at trial and undisputed by defendant. Accordingly, we find the total amount defendant was required to pay from June, 1979 through November, 1981 was $8,166.81. After deducting the amount paid by defendant through this period and adding previous excess payments, the amount of arrears owed by him comes to $3,809.84. To this amount should be added $234.54 for medical expenses and $600 should be deducted for the interest credit found owing to defendant by the trial court. Consequently, the order of the court must be modified so as to direct that plaintiff have a net judgment of $3,444.38. Order modified, on the law and the facts, by directing that plaintiff have a net judgment against defendant in the sum of $3,444.38, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.