■ In the Matter of RICHARD ALEXANDER, Respondent, v MARIAN ALEXANDER, Appellant.—Kane, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered March 26, 1986, which granted petitioner's application to suspend his obligation to make child support payments.

During the parties' marriage, they had one child, Evan Alexander, born in 1978. The parties separated in 1980 and executed a separation agreement in 1983 which was incorporated but not merged into the subsequent divorce judgment. Under the agreement, respondent retained physical custody of Evan, while petitioner enjoyed visitation rights and was obligated to pay specific amounts of child support. Petitioner regularly exercised his visitation rights and made support

payments from the date of the separation agreement until August 1984. At that time, respondent moved to California, taking Evan with her. Respondent alleges that the move was necessary for employment and income opportunities. Petitioner contests that assertion and claims that he was not consulted and was not aware of respondent's plans or destination until after the move was complete.

On the basis of his claim that respondent's move interfered with his visitation rights in violation of the parties' separation agreement, petitioner, by notice dated September 12, 1984, petitioned Supreme Court for a writ of habeas corpus and custody of Evan. He also requested, by notice dated October 11, 1984, that his obligation to pay child support be terminated as of August 1984. After issuing the writ, Supreme Court determined that subject matter jurisdiction existed and transferred the entire matter to Family Court. A hearing was held in January 1985. Respondent did not attend but was represented by counsel.

In July 1985, respondent filed a petition under the Uniform Reciprocal Enforcement of Support Act in a California court seeking child support arrears. The petition was sent to Family Court and respondent's counsel moved for an award of support arrears. Family Court found that respondent had offered no reason for her move to California (neither prior to nor since her relocation) and suspended payment of child support retroactive to the date of petitioner's original petition (presumably Oct. 11, 1984). The custody issue was not decided and apparently was still pending at the time Family Court rendered this determination. Respondent appeals from Family Court's order suspending support payments and its corresponding refusal to order that arrears be paid.

We affirm. The record clearly supports Family Court's finding that respondent's relocation to California effectively frustrated petitioner's visitation rights (see, Adams v Adams, 92 AD2d 644). Accordingly, Family Court properly granted petitioner's application to suspend his support obligation (see, Kaplan v Kaplan, 75 AD2d 885; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 447, at 317-326; § 451, at 352; Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 447 [1987 Pocket Part], at 50; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 241, at 730-731).

We also reject respondent's contention that Family Court's decision violated Domestic Relations Law § 241, as recently

amended (L 1986, ch 892, § 7). This section provides that: "When it appears to the satisfaction of the court that a custodial parent receiving alimony or maintenance pursuant to an order, judgment or decree of a court of competent jurisdiction has wrongfully interfered with or withheld visitation rights provided by such order, judgment or degree, the court, in its discretion, may suspend such payments or cancel any arrears that may have accrued during the time that visitation rights have been or are being interfered with or withheld. *Nothing in this section shall constitute a defense in any court to an application to enforce payment of child support or grounds for the cancellation of arrears for child support"* (Domestic Relations Law § 241 [emphasis supplied]). The prohibition contained in the amendment emphasized above was aimed at the recalcitrant support obligor, who only invokes a defense to payment upon being sued, and not someone like petitioner who immediately brings his claim to court. Indeed, this provision seeks to make sure that respondents are not "rewarded for failing either to pay the order or to seek its modification" (Governor's mem, Aug. 5, 1986, Governor's Bill Jacket, L 1986, ch 892). Here, petitioner promptly sought an order modifying his support obligation due to respondent's action and thus the prohibition contained in Laws of 1986 (ch 892) is inapplicable *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 241, at 730-731). In this regard, it should be noted that Family Court suspended petitioner's obligation *from the date of his petition.*

We have examined respondent's remaining contentions and find them to be without merit. The order should therefore be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.