■ In the Matter of KATHLEEN BRUHN, Respondent, v ROLAND T. McCREADY, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Griffin, H. E.), dated February 4, 1987, which granted the mother's petition for an upward modification of child support and for arrears and denied, without prejudice, the appellant's application for reimbursement for one half their daughter's extraordinary

medical expenses. By order of the same court (Balkin, J.), dated April 3, 1987, the appellant's objections to that order were denied and the Hearing Examiner's order was continued.

Ordered that the orders are affirmed, without costs or disbursements.

The parties were divorced in 1978 and custody of their daughter was awarded to the mother. The judgment of divorce directed appellant to pay the mother $45 per week for child support, said sum to be inclusive of all his obligations for the support and maintenance of the mother and the infant issue of the marriage, "except that the husband [appellant] shall pay one-half (½) of any extraordinary medical and dental expenses for the benefit of the infant issue". The divorce judgment further provided that "the stipulation between the parties and entered upon the record is not to be merged in this judgment and shall survive this judgment".

In December 1986 the parties cross-petitioned in the Family Court, Nassau County. The appellant sought reimbursement from the mother for one half of the costs of the extraordinary medical expenses he paid for their daughter's therapy. The mother sought arrears in support payments in accordance with the divorce judgment and requested an upward modification of child support on the ground the needs of their daughter had increased.

The appellant contends that the Family Court, Nassau County, erred in denying his application for lack of jurisdiction. We disagree. The Family Court, a court of limited jurisdiction, may entertain an application to enforce or to modify on the ground of changed circumstances an order of the Supreme Court that requires the support of a child (Family Ct Act § 461 [b]). The divorce judgment, which is the predicate for the appellant's application, does not contain any directive that the mother is to pay one half of the child's extraordinary medical expenses. Although this may have been the intent of the parties in entering into a stipulation of settlement, there was no mandate by the court that the stipulation be carried out by the parties. In view of the Family Court's limited jurisdiction and the absence in the divorce judgment of any requirement directing any sum of money be paid by the mother for the daughter's extraordinary medical expenses, the father has no basis other than an action in the Supreme Court on the stipulation itself to obtain the requested relief (cf., Baker v Baker, 66 NY2d 649).

We also reject the appellant's contention that the Family

Court abused its discretion in granting the mother's petition for an upward modification of support. The Family Court has discretion to increase child support in cases where a petitioner can show a change in circumstances which warrants the modification in the best interests of the child *(see, Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts,* 56 NY2d 132). In reviewing whether sufficient evidence of change has been adduced, deference must be given to the Family Court *(Matter of La Blanc v La Blanc,* 96 AD2d 670). The demonstrated increase in the needs of the growing child as well as the undisputed significantly enhanced income of the appellant provided adequate support for the Family Court's modest increase of $25 per week child support *(see, Munson v Korodi,* 106 AD2d 361; *Matter of King v King,* 103 AD2d 871; *Matter of La Blanc v La Blanc, supra).*

We have reviewed the appellant's other contention and find it to be without merit. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.