■ In the Matter of SHARYN G. ROGERS, Appellant, v GARY S. BITTNER, Respondent.—Order unanimously affirmed with costs. Memorandum: In this proceeding to modify the child support provisions of a divorce decree, the Hearing Examiner erred in holding that petitioner was obligated to prove unforeseen and unanticipated circumstances. Because the support provisions were not embodied in a separation agreement, petitioner had to demonstrate only a change in circumstances that would warrant modification in the best interests of the child (Family Ct Act § 461 [b]; *Matter of Bruhn v McCready,* 138 AD2d 374; *compare, Matter of Brescia v Fitts,* 56 NY2d 132).

Nevertheless, petitioner failed to demonstrate any change in circumstances. While respondent is now making more money, that factor alone is not enough to warrant an increase in child support *(Matter of Boden v Boden,* 42 NY2d 210; *Matter of Popp v Raitano,* 167 AD2d 404; *Matter of Goldstein v Pesato,* 77 AD2d 878). In any event, petitioner's gross income has almost doubled since the time of the divorce. The amounts spent by petitioner for the child's various activities are minimal and are offset by the decrease in child care costs. Although petitioner is now obligated by court order to assume the travel expenses of an adult person to accompany the child to her visits with respondent, petitioner was the party who insisted on that requirement. Finally, the fact that petitioner has moved into a more expensive home does not warrant an increase in child support.

Petitioner's argument that Family Court erred by denying her request for counsel fees cannot be reviewed because she did not file a notice of appeal from that order. (Appeal from Order of Erie County Family Court, Trost, J.—Child Support.) Present—Denman, P. J., Boomer, Balio and Doerr, JJ.