■ In the Matter of JOAN MURRIN, Respondent, v JAMES MURRIN, Appellant.—In a child support proceeding, the father appeals from an order of the Family Court, Suffolk County

(Barton, H.E.), dated November 20, 1989, which, after a hearing, granted the mother's petition for an increase in child support to the extent of increasing support for the parties' three children from $425 per month to $250 per week effective December 9, 1988, together with the sum of $50 per week to apply to retroactive child support.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is dismissed.

Alleging an increase in the appellant father's income and in the children's needs, the petitioner moved for upward modification of child support as originally fixed by a 1983 judgment of divorce and surviving separation agreement. The application was granted in the order appealed from, and objections to that order were denied by order of the same court (McNulty, J.), dated March 27, 1990.

We agree with the appellant that there is no basis for an increase in his child support obligation.

Although the appellant has enjoyed a gradual but steady and evidently anticipated increase in income, and although the increased costs of meeting the needs of growing children is patent (see, Matter of Brescia v Fitts, 56 NY2d 132), the most significant change in circumstances in this case has been the petitioner's own increase in income and decrease in debt. While the overriding concern is the best interests of the children, the record fails to demonstrate that the children's needs are not now being met (see, Matter of Boden v Boden, 42 NY2d 210; Matter of Brescia v Fitts, supra). It appears, rather, that the petitioner seeks merely to readjust the parties' respective financial obligations regarding their children. She has demonstrated no basis for doing so, however, and the Family Court should not have granted her application. Thompson, J. P., Harwood and Rosenblatt, JJ., concur.

Miller, J., dissents, and votes to affirm the order appealed from, with the following memorandum: I dissent and would affirm the Family Court order increasing the father's child support obligation from $425 per month for three children ($33 per week per child) to $250 per week for the three children ($83.30 per week) since the record demonstrates a substantial change in circumstances and that the children's needs are not being met (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924; Matter of Ragazzo v Murray, 175 AD2d 247; Devenuti v Devenuti, 170 AD2d 573; Matter of Bruhn v McCready, 138 AD2d 374).

The uncontroverted substantial change in circumstances which has occurred in the years intervening between the time of the parties' divorce in 1983 and the entry of the order appealed from in 1989 should have been anticipated. Increases in the needs of growing children (17, 13 and 12 in 1989), the cost of living, the income of the mother (from $720 per year to $22,000 per year), the income of the father (from $43,000 per year to $63,000 per year) are uncontroverted. Since such increased needs and expenses were not unanticipated, absent a showing that the children's needs are not being met, modification of the father's child support obligation would not have been justified *(see, Matter of Boden v Boden,* 42 NY2d 210).

The issue on which my colleagues and I disagree is whether in the context of this case, the children's needs are being met. While there is no evidence in this record that the children are deprived of an appropriate standard of living, it is equally clear that the continuing monetary assistance of their maternal grandparents has been essential to providing for these children's needs. I disagree with my colleagues' view that the Family Court erred in granting the mother's application for an upward modification on the ground that under these circumstances, the children's needs are being met. The Family Court appropriately held the parents alone responsible for providing for the adequate needs of the children and correctly increased the father's support obligations accordingly.

I find no legal authority *mandating* the Family Court to impute financial contributions of the grandparents as income to a parent. Although for purposes of application of the Child Support Guidelines, Family Court Act § 413 (1) (b) (5) (iv) (D) authorizes the court to attribute to a parent as income, *inter alia,* "money, goods, or services provided by relatives and friends", that inference is expressly discretionary with the court, a discretionary determination more appropriately exercised by a trial, rather than an appellate court.

Had the application of the Child Support Standards Act been mandated at the time of the entry of the order, the father would have been required to pay $17,000 per year as child support (29% of his income less Social Security taxes). The Family Court order in issue requiring that he pay $13,000 per year is therefore well below the standard prescribed by the Legislature. The level of child support to which this father is held as a result of the majority's reversal of the Family Court order, which requires him to pay only $5,100 per year for three children (less than 9% of his income less Social

Security taxes) is, in my view, insufficient under any reasonable standard.