█ In the Matter of GINA E. WILSON, Formerly Known as GINA BRUNSTING, Respondent, v LOUIS A. BRUNSTING, Appel-

lant. [625 NYS2d 978] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in granting the petition for an upward modification of the child support provisions in the parties' judgment of divorce. Those provisions incorporated and merged the parties' stipulation, thus the applicable test was whether there had been a change of circumstances such that it is in the best interests of the child to grant an increase in child support *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 140; *Matter of Rogers v Bittner,* 181 AD2d 990; *Matter of Bruhn v McCready,* 138 AD2d 374, 376). Petitioner failed to sustain her burden of proof. Respondent's increase in income is only one factor to consider when determining whether an upward modification is warranted *(see, Matter of Rogers v Bittner, supra; Matter of Sutton v Sutton,* 178 AD2d 980; *Matter of Popp v Raitano,* 167 AD2d 404; *Matter of Goldstein v Pesato,* 77 AD2d 878; *cf., Matter of Commissioner of Social Servs. of City of N. Y. [Jacobs] v Currie,* 182 AD2d 433, 434). Respondent's increase in income was not unanticipated and had been considered in fixing the terms of the parties' stipulation, which included respondent's agreement to pay for the child's college education. Moreover, petitioner failed to demonstrate that the present needs of the child were not being met at the present level of support *(see, Matter of Murrin v Murrin,* 186 AD2d 567, 568). The increased cost of sports activities was offset by the fact that the child attends school full-time and no longer requires full-time daycare *(see, Matter of Rogers v Bittner, supra).* (Appeal from Order of Monroe County Family Court, Bonadio, J.—Child Support.) Present—Green, J. P., Wesley, Callahan, Doerr and Davis, JJ.