■ In the Matter of CHRISTINE MATTESON, Respondent, v BENJAMIN K. MATTESON, Appellant. [644 NYS2d 100] —Cardona, P. J.

On November 30, 1987, a judgment of divorce between petitioner and respondent was entered upon a stipulation of the parties which was merged into the judgment of divorce. Insofar as pertinent, the stipulation and judgment of divorce provided that petitioner was to have custody of the parties' two children and would receive weekly child support payments of $75 per child. Subsequently, by petition dated March 9, 1995, petitioner commenced this proceeding pursuant to Family Court Act article 4 seeking an upward modification of respondent's child support obligation. Petitioner alleged that there was a change of circumstances justifying a modification of the support amount as a result of the increased expenses associated with raising the parties' remaining minor child, their 17-year-old son. Respondent's motion to dismiss the petition was denied and a hearing was held.

At the hearing, petitioner testified as to how the son's expenses had increased since the original stipulation when he was nine years old. Further, it was established that respondent's income for 1994 was $47,540.55 and petitioner's income for that year was $3,822. Petitioner listed the son's part-time earnings as available for her use; however, she testified that the only way she was meeting her obligations was by using credit cards and receiving money from her family. The Hearing Examiner granted petitioner's request for modification and, applying the Child Support Standards Act (*see,* Family Ct Act § 413), directed respondent to pay petitioner $152.24 per week for the son's support. Upon respondent's filing of objections, Family Court upheld the Hearing Examiner's decision, order and findings of fact. Respondent appeals.

We affirm. As previously indicated, this case involves a stip-

ulation which was merged into a judgment of divorce. It is well settled that "[w]here a party seeks to modify a prior order, he or she need only demonstrate a change in circumstances sufficient to warrant a modification" (*Matter of Strack v Strack*, 225 AD2d 872, 873; *see*, Family Ct Act § 461 [b] [ii]). Here, upon review of the record, we find no reason to disturb Family Court's conclusion that petitioner adequately established a change of circumstances justifying a modification of respondent's support obligation (*see*, *Matter of McFarlane v McFarlane*, 182 AD2d 1024; *Matter of Vitek v Vitek*, 170 AD2d 908). Nor do we find that Family Court erred in determining that the support amount be calculated in accordance with the provisions of the Child Support Standards Act (*cf.*, *Matter of Meyer v Meyer*, 205 AD2d 784).

Based upon our resolution of the above issue, it is unnecessary to address the remaining issues raised by the parties.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.