■ In the Matter of ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JENNIE TIBALDI, Appellant, v JOHN MEEHAN, Respondent. [676 NYS2d 607] —In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), entered July 9, 1997, which, after a hearing, sustained the father's objections to an order of the same court (Braxton, H.E.), denied the petition, and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In 1984, the father, John Meehan, and the mother, Maria Meehan, were divorced by a judgment of the Supreme Court, Putnam County. Thereafter, in 1985, the Family Court, Putnam County, awarded the father visitation with the minor twin daughters of the marriage. After several months, however, the father petitioned the Family Court, Putnam County, to hold the mother in contempt for failing to comply with the visitation order. The mother cross-petitioned to enforce the child support provision of the divorce judgment. Subsequently, the Family Court granted the application of the Orange County Department of Social Services (hereinafter the DSS) to be substituted as the petitioner in the enforcement proceeding, since the mother had been awarded public assistance (see, Social Services Law § 348). Although the Family Court denied the father's petition to hold the mother in contempt, a new visitation order was issued which provided, in relevant part, that if the mother failed to comply with the visitation schedule, the father could make a further application for a determination as to whether modification of his support payments was

appropriate. A copy of this order was served on the DSS, but no appeal was taken.

Thereafter, the father filed a petition to terminate his child support obligation on the ground that the mother was not complying with the visitation order. In an order dated February 6, 1986, the Family Court, Putnam County, after a hearing, *inter alia,* suspended the father's obligation to make child support payments by reason of the mother's continued misconduct in interfering with the father's right to visitation. Although the mother did not appear, a representative of the DSS was present at the hearing. No appeal was taken from this order.

Subsequently, the DSS commenced a proceeding on behalf of the mother to compel the father to contribute to the support of his twin daughters. After a hearing, the Hearing Examiner dismissed the petition, finding that the prior order of the Family Court dated February 6, 1986, had terminated the mother's right to collect support for the children. Since the rights of the DSS as assignee pursuant to Social Services Law § 348 (2) were only as good as the rights of the mother as assignor, the DSS could not seek resumption of the support payments. In an order dated February 23, 1987, the Family Court, Putnam County, denied the objections of the DSS to the order of the Hearing Examiner, and this Court affirmed that order holding that the father's prospective support obligation had been suspended (*see, Matter of Orange County Dept. of Social Servs. [Meehan] v Meehan,* 143 AD2d 273). The DSS did not seek leave to appeal this Court's .order and, thereafter, it "permanently sanctioned" the mother and designated the maternal grandmother in her place as the public assistance recipient on behalf of the children.

Ten years later, in 1996, the DSS commenced a new proceeding on behalf of the grandmother to collect child support from the father. In an order dated May 28, 1997, the Family Court, Putnam County, held that this Court's prior decision was res judicata in connection with the DSS's right to collect child support payments, unless there had been some change in circumstances demonstrating that the father had succeeded in reestablishing and maintaining a relationship with his twin daughters which would justify recommencing the child support obligation. The Family Court, therefore, ordered a hearing.

At the hearing it was established that the father had not maintained any contact with his daughters, and that now, as teenagers, they did not desire or intend to ever reestablish contact with their father. As a result of this evidence, the Fam-

ily Court found that there were no changed circumstances, and that the order dated February 6, 1986, which terminated the father's obligation to pay child support was, in effect, res judicata as to the DSS's right to seek support on behalf of the children.

The DSS argues on appeal that the grandmother was a new party to the support proceedings and did not have a full and fair opportunity to litigate the issues. Without reaching the issue of whether the earlier Family Court decision was res judicata as to the grandmother's right to seek child support, we affirm the Family Court's determination that the prior order should not be disturbed absent a showing of a change in circumstances.

It is well settled that a court has the authority to suspend a noncustodial parent's obligation to pay child support when it finds that the custodial parent has unjustifiably denied the noncustodial parent his or her right to visitation (*see,* Domestic Relations Law § 241; *Matter of Alexander v Alexander,* 129 AD2d 882; *see also, Courten v Courten,* 92 AD2d 579; *Kaplan v Kaplan,* 75 AD2d 885; *Abraham v Abraham,* 44 AD2d 675). Previously, this Court affirmed the 1986 order of the Family Court suspending the father's child support obligation because the mother unjustifiably interfered with his visitation rights (*see, Matter of Orange County Dept. of Social Servs. [Meehan] v Meehan, supra,* at 273). In the 10 years that followed, there was virtually no contact between the father and his daughters. As indicated by the daughters' testimony, there is little hope now that they will ever pursue a familial relationship with their father.

Furthermore, modification of a prior order regarding support obligations must be predicated upon a showing of a change in circumstances sufficient to warrant the modification (*see,* Family Ct Act § 461; *see, Matter of Brescia v Fitts,* 56 NY2d 132). Because the circumstances which resulted in the suspension of the father's child support obligation have not changed, and the teenaged twins have testified that they choose not to reestablish contact with the father, there is no basis to modify the prior order and to direct the father to resume his child support obligation (*see generally, Matter of Joseph M. M., Jr. v Mary Ellen C. M.,* 227 AD2d 561; *Cohen v Schnepf,* 94 AD2d 783).

Finally, we note that since the grandmother was substituted by the DSS as the designated recipient of aid on behalf of the children, she stepped into the shoes of the mother for purposes of collecting child support for the children. As such, she became the assignor of any such collection rights pursuant to Social

Services Law § 348 (2), and the corresponding rights of the DSS as assignee to collect support were only as good as the grandmother's rights as assignor. As the Family Court correctly determined, no such rights currently exist. The Family Court did not err, therefore, in relying upon its prior order as a basis to dismiss the petition. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.