■ SHERRI L. SHEDD, Appellant, v KEVIN M. SHEDD, Respondent. [715 NYS2d 132] —Order unanimously affirmed without costs. Memorandum: Plaintiff contends that Supreme Court erred in refusing to grant her motion for an upward modification of child support. We disagree. Plaintiff contends that the increase in defendant's income from approximately $44,000 per year in 1990 to approximately $76,000 in 1999 constitutes a change in circumstances entitling her to increased child support. She contends that, because child support was fixed by the court rather than by agreement or stipulation of the parties, the increase in defendant's income, standing alone, is a sufficient change in circumstances to justify an upward modification of child support. We reject that contention. Where child support is fixed by agreement or stipulation and the parties are merely attempting to readjust their respective support obligations, the party seeking an increase in child support must demonstrate an unanticipated and unreasonable change in circumstances (*see, Matter of Boden v Boden,* 42 NY2d 210, 213). Where child support is fixed by agreement or stipulation and the custodial parent demonstrates that the needs of the children are not being met, the court may order increased child support upon a showing of a change in circumstances (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 141). The change in circumstances standard likewise must be met where the original amount of child support is fixed by the court (*see, Matter of Orange County Dept. of Social Servs. v Meehan,* 252 AD2d 588, 590; *Matter of Matteson v Matteson,* 228 AD2d 855, 856; *Matter of Strack v Strack,* 225 AD2d 872, 873; *Matter of Rogers v Bittner,* 181 AD2d 990; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:27D, at 278-279).

When determining whether a change in circumstances warranting an upward modification has occurred, courts must

consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children (*see, Matter of Brescia v Fitts, supra,* at 141). "While not itself determinative, this increase in the [defendant's] income may be considered as one factor in deciding whether an upward modification of child support was warranted" (*Matter of Popp v Raitano,* 167 AD2d 404, 405; *see, Matter of Rogers v Bittner, supra*; *see also, Matter of Wilson v Brunsting,* 213 AD2d 1042, 1043; *cf., Matter of Gluckman v Qua,* 253 AD2d 267, 269, *lv denied* 93 NY2d 814; *Matter of Klein v Klein,* 251 AD2d 733, 734). Here, plaintiff demonstrated that defendant's income had increased gradually over the decade since the divorce, but failed to establish any other factors in support of an upward modification. Consequently, the court did not abuse its discretion in refusing to grant plaintiff's motion. (Appeal from Order of Supreme Court, Oneida County, Townes, J.—Matrimonial.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.