■ RHONDA R. WEISS, Now Known as RHONDA RICCIO, Respondent, v LAWRENCE A. WEISS, Appellant. [742 NYS2d 663] —In a matrimonial action in which the parties were divorced by judgment entered January 18, 1994, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated February 26, 2001, as, upon reargument, adhered to a prior determination in an order of the same court, dated April 18, 2000, which denied his application for a downward modification of his child support obligation.

Ordered that the order dated February 26, 2001, is affirmed insofar as appealed from, with costs.

The parties, by stipulation, agreed to forego the "unanticipated and unreasonable change in circumstances" standard (*Matter of Boden v Boden,* 42 NY2d 210, 213) as a basis for determining future applications between them seeking to modify child support. Their original stipulation of settlement, entered into in 1993, provided that the child support provision would merge into the judgment of divorce. Therefore, modification of the child support provision of the judgment of divorce was subject to the rules applicable to court ordered support, not stipulations (*see Matter of Matteson v Matteson,* 228 AD2d 855, 856).

In 1996 the defendant lost his position as General Agent for Massachusetts Mutual Life Insurance Company, and moved for a downward modification of maintenance and child support. In 1997 the parties entered into a new stipulation, inter alia, reducing child support to $1,200 per month. The parties further agreed that any future computation of child support would be based on current income, exclusive of any income received from Massachusetts Mutual Life Insurance Company on account of the buyout of his interest. The defendant's attorney noted that "the original child support obligation did not survive the entry of the Divorce [judgment], it merged, so it was modifiable and continues to be modifiable in the future." The court noted that "[e]ither one of you can always come back to * * * a Court having jurisdiction over the issue of child support * * * in order to modify that."

Parties can provide, by stipulation, that the "unanticipated and unreasonable change in circumstances" test enunciated in *Matter of Boden v Boden (supra),* will not apply to future applications for modification of child support (*see Langlitz v Ochse,* 268 AD2d 865; *Putnick v Rockcastle,* 244 AD2d 839). In the instant case, the parties, by stipulation, agreed that the child support provision of their stipulations would be treated as if it were set by the court, and modifiable by the court.

Where a party seeks to modify child support set by the court, he or she must demonstrate "a change [of] circumstances sufficient to warrant a modification" (*Matter of Matteson v Matteson, supra* at 856; *see Shedd v Shedd,* 277 AD2d 917; *Matter of Orange County Dept. of Social Servs. [Tibaldi] v Meehan,* 252 AD2d 588, 590). The change of circumstances must be substantial (*see Shedd v Shedd, supra; Matter of Orange County Dept. of Social Servs. [Tibaldi] v Meehan, supra*).

In 1999 the defendant again moved for a downward modification of child support. In support of his application, he noted that his circumstances had not changed. His sole income was

still payments received from Massachusetts Mutual Life Insurance Company. The Supreme Court, in the determination under review, properly denied the application, on the ground that the defendant failed to demonstate a substantial change of circumstances sufficient for a downward modification of child support.

The parties remaining contentions are either without merit or need not be addressed in light of our determination. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.