■ In the Matter of JEANNE LOVE, Appellant-Respondent, v GERARD LOVE, Respondent-Appellant. [757 NYS2d 579] —In a support proceeding pursuant to Family Court Act article 4 (1) the mother appeals from so much of an order of the Family Court, Suffolk County (Dounias, J.), entered March 28, 2002, as denied her objections to an order of the same court (Goglas, H.E.), entered February 28, 2001, which, after a hearing, granted the father's petition for an upward modification of her child support obligation, and (2) the father cross-appeals, as limited by his brief, from so much of the order entered March 28, 2002, as denied his objections to the order entered February 28, 2001.

Ordered that the order entered March 28, 2002, is reversed insofar as appealed from, on the law, the mother's objections are sustained, and the petition is denied; and it is further,

Ordered that the order entered March 28, 2002, is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the mother.

Where a party seeks to modify the child support provision contained in a prior order or judgment, he or she must demonstrate a "substantial change in circumstances" (Domestic Relations Law § 236 [B] [9] [b]; *see Weiss v Weiss,* 294 AD2d 566 [2002]; *Matter of Prisco v Buxbaum,* 275 AD2d 461 [2000]; *Shedd v Shedd,* 277 AD2d 917 [2000]). Among the factors to be considered in determining whether there has been a change in circumstances warranting an upward modification of support are "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd, supra* at 918; *see also Brescia v Fitts,* 56 NY2d 132, 140-141 [1982]; *Matter of Rosenthal v Buck,* 281 AD2d 909 [2001]). While an increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of child support, this factor alone is not determinative (*see Matter of Rosenthal v Buck, supra; Shedd v Shedd, supra*).

Here, the father, who has custody of the parties' son, sought to modify the judgment of divorce to require the mother to pay .

child support, primarily based upon the fact that she has increased her income by obtaining employment. However, the evidence presented at the modification hearing also indicated that the father's base salary has increased by $75,000 since the parties were divorced in 1997. Moreover, the father offered only generalized testimony that the child's needs have increased because he is older, and participating in sports and recreational activities. Under these circumstances, a modification of the child support provision of the judgment of divorce is not warranted simply because the mother's income has increased (*see Matter of Rosenthal v Buck, supra*; *Shedd v Shedd, supra*; *Matter of Owens v Wollmers,* 245 AD2d 380 [1997]; *Tripi v Faiello,* 195 AD2d 958 [1993]; *Rogers v Bittner,* 181 AD2d 990 [1992]). S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.