MICHAEL McMAHON, Appellant, v JOANN McMAHON, Respondent. [798 NYS2d 446]—

In a matrimonial action in which the parties were divorced by a judgment dated April 27, 1998, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated December 17, 2003, as, after a hearing, granted those branches of the cross motion of the defendant former wife which were for upward modification of child support and for counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where a party seeks to modify the child support provision in a prior order or judgment, he or she must demonstrate a "substantial change in circumstances" (Domestic Relations Law § 236 [B] [9] [b]; see Matter of Love v Love, 303 AD2d 756 [2003]; Weiss v Weiss, 294 AD2d 566, 567 [2002]). Among the factors to be considered in determining whether there has been a change in circumstances warranting an upward modification of support are "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and

prior lifestyles of the children" (*Shedd v Shedd*, 277 AD2d 917, 918 [2000]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 141 [1982]). While an increase in the income of the noncustodial parent is a factor which may be considered in deciding whether to grant an upward modification of child support, that factor alone is not determinative (*see Matter of Love v Love, supra; Shedd v Shedd, supra*).

The father's significant increase in income coupled with the mother's testimony regarding specific increases in the costs related to the child's basic necessities, including food, shelter, clothing, and medical needs, as well as to the expenses associated with the child's varied interests and school activities, warranted an increase in child support (*see Matter of Miller v Davis*, 176 AD2d 945 [1991]; *Matter of Staffanell v Staffanell*, 220 AD2d 751 [1995]).

The Supreme Court's counsel fee award was a provident exercise of discretion (*see* Domestic Relations Law § 237 [b]). Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.