■ In the Matter of MICHAEL FEIN, Appellant, v LEIGH GILCHRIST, Also Known as LEIGH FEIN, Respondent. [807 NYS2d 600]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated March 4, 2005, which denied his objections to so much of an order of the same court (Grier, S.M.), dated February 7, 2005, as, without a hearing, granted the mother's motion to dismiss his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, with costs.

The parties were divorced by judgment entered August 3, 2004. By stipulation, they agreed to forego the "unanticipated and unreasonable change in circumstances" standard (*Matter of Boden v Boden,* 42 NY2d 210, 213 [1977]), as a basis for determining future applications between them seeking to modify child support. The stipulation of settlement, entered into on November 19, 2003, provided that the child support provision would merge into the judgment of divorce. Therefore, modification of the child support provision of the judgment of divorce was subject to the rules applicable to court-ordered support, not stipulations (*see Weiss v Weiss*, 294 AD2d 566 [2002]; *Matter of Matteson v Matteson*, 228 AD2d 855, 856 [1996]). "Where a party seeks to modify child support set by the court, he or she must demonstrate 'a change [of] circumstances sufficient to warrant a modification' " (*Weiss v Weiss, supra* at 567, quoting *Matter of Matteson v Matteson, supra* at 856). The change of circumstances must be substantial (*see* Domestic Relations Law § 236 [B] [9] [b]; *Weill v Weill,* 17 AD3d 666 [2005]; *Shedd v Shedd,* 277 AD2d 917 [2000]; *Matter of Orange County Dept. of Social Servs. v Meehan,* 252 AD2d 588 [1998]).

Contrary to the petitioner's contention, the Family Court properly measured whether there had been a substantial change in circumstances by a comparison between his financial circumstances at the time of his application for a downward modification, and the time the divorce judgment was entered (*see D'Alesio v D'Alesio,* 300 AD2d 340 [2002]; *Matter of Prisco v Buxbaum,* 275 AD2d 461 [2000]; *Klapper v Klapper,* 204 AD2d 518, 519 [1994]; *Schnoor v Schnoor,* 189 AD2d 809, 810 [1993]).

In addition, the Family Court properly denied the father's objections to so much of the order dated February 7, 2005, as granted the mother's motion to dismiss his petition for a downward modification of his child support obligation without first conducting an evidentiary hearing. The petitioner did not demonstrate, prima facie, a substantial change of circumstances because he failed to offer any proof of a reduction in his income since the divorce was granted. Rather, the record demonstrated that his income was reduced approximately eight months before the entry of the judgment of divorce. Since the petitioner failed to make a prima facie showing of entitlement to relief, his petition was properly dismissed without a hearing (*see D'Alesio v D'Alesio,* 300 AD2d 340 [2002]).

The petitioner's remaining contention is without merit. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.