■ In the Matter of ZENAIDA CUSINGA, Appellant, v JOAQUIN MEDINA, Respondent. [882 NYS2d 421]—

In a support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Suffolk County (Buetow, S.M.), dated January 16, 2008, which, after a hearing, denied her petition for an upward modification of child support, and (2) an order of the same court (Luft, J.), dated April 2, 2008, which denied her objections to the order dated January 16, 2008.

Ordered that the appeal from the order dated January 16, 2008, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 2, 2008; and it is further,

Ordered that the order dated April 2, 2008, is reversed, on the law and the facts, without costs or disbursements, the mother's objections are granted, the order dated January 16, 2008, is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

Contrary to the determination of the Family Court, the mother established that an increase in the father's child support obligation was warranted by the circumstances (*see generally Matter of Brescia v Fitts*, 56 NY2d 132, 141 [1982]; *Matter of Michaels v Michaels*, 56 NY2d 924, 926 [1982]). Considering the increased needs and best interests of the child, the dramatic

increase in the father's earnings since the execution of the parties' 2001 stipulation of settlement which was incorporated but not merged in the judgment of divorce, and the mother's comparatively poor financial status, the matter must be remitted to the Family Court, Suffolk County, for a new determination of appropriate child support (see McMahon v McMahon, 19 AD3d 464 [2005]). Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.