SR v JR (2024 NY Slip Op 50887(U))

[*1]

SR v JR

2024 NY Slip Op 50887(U)

Decided on July 9, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 9, 2024
Supreme Court, Richmond County

SR, Plaintiff,

against
JR, Defendant.

Index No. 55240/2020

Counsel for the Plaintiff
Mary Grace Elizabeth Condello, Esq.
1716 86th St
Brooklyn, NY 11214 
Phone: (718) 758-5480 
E-mail: Marygrace@mgcondellolaw.com
Counsel for the Defendant: 
Nicole Gabrielle Santo, Esq.
Davidoff Hutcher & Citron LLP 
605 3rd Avenue
New York, NY 10158 
Phone: (212) 557-7200 
E-mail: ngs@dhclegal.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion Seq. No. 002) numbered 88-119, 155 and (Motion Seq. No. 003) numbered 122-137, 151-154, 156 were read on these motions.
All issues except for Plaintiff's request for a modification of Child Support were resolved between the parties on June 18, 2024, and memorialized in a short form order on consent. (NY St Cts Filing [NYSCEF] Doc No. 155; 156).
Upon the foregoing documents, and after oral argument conducted in court on June 18, 2024, on Motion Sequence No. 002 and Motion Sequence No. 003, Motion Sequence No. 002 and Motion Sequence No 003 are resolved and therefore, it is hereby,
ORDERED, that Plaintiff's request for an upward modification of child support is GRANTED; and it is further,
ORDERED, that Defendant's request for relief in the form of a downward modification of monthly child support is DENIED; and it is further,
ORDERED, that commencing on August 1, 2024, Defendant shall pay Plaintiff child support in the monthly sum of $1,971.08 [One Thousand Nine Hundred Seventy-One Dollars and Eight Cents]; and it is further,
ORDERED, that the pro rata shares for add-on expenses as defined by the parties' stipulation of settlement are modified commencing on August 1, 2024, as follows: Plaintiff's pro rata share shall be 24% and Defendant's pro rata share shall be 76%; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
Judgment of Divorce was granted by the Supreme Court on March 24, 2022. Plaintiff brought Post-Judgment Motion Sequence No. 002 by Order to Show Cause on December 28, 2023, seeking among other relief, an upward modification of the basic child support and child support add on expenses for the subject child, RC born on XX XX, 2005, pursuant to Domestic Relations Law § 236 [B] [9] [2] [ii]. Defendant filed cross Motion Sequence No. 003 in opposition on April 24, 2024.
Plaintiff filed opposition to Motion Sequence No. 003 and reply on Motion Sequence No. 002 on May 21, 2024. Defendant filed reply on Motion Sequence No. 003 on May 28, 2024. All issues except for the issue of child support modification were resolved between the parties on June 18, 2024, and memorialized in a short form order on consent. (NY St Cts Filing [NYSCEF] Doc No. 155; 156). Oral argument was heard by the Court on the issue of child support modification on June 18, 2024.

 II. Facts
Plaintiff and Defendant were married on July 20, 2002. There is one child of the marriage, to wit: RC, born XX XX, 2005. The Plaintiff commenced this action for divorce on or about September 1, 2020. Parties entered into a stipulation of settlement on July 12, 2021, which resolved all issues ancillary to the parties' divorce. (NY St Cts Filing [NYSCEF] Doc No. 94; 126). A Judgment of Divorce was signed by the Hon. Ralph Porzio on March 24, 2022, and entered in the office of the Richmond County Clerk on April 12, 2022. (NY St Cts Filing [NYSCEF] Doc No. 92; 125). The Judgment of Divorce incorporated but did not merge the stipulation of settlement.
Pursuant to the Judgment of Divorce, the Defendant was ordered to pay child support to the plaintiff for the child of the marriage in the amount of $1,289.00 a month. (see id). The parties stipulated to that amount in the stipulation of settlement, attributing to the Defendant an adjusted gross income of $134,628.00, and attributing to the Plaintiff an adjusted gross income [*2]of $0.00. (NY St Cts Filing [NYSCEF] Doc No. 94; 126). The calculations in the stipulation of settlement complied with the Child Support Standards Act. (see id). The agreement set the Plaintiff's pro rata share of add-on expenses at 32% and the Defendant's pro rate share at 68%. (see id).
The agreement further provided that "[c]ommencing on July 1, 2021 and continuing each month thereafter, Defendant shall pay and make available to Plaintiff the sum of $1,110.00 per month, as and for maintenance through August 31, 2027 at which point the [Defendant's] obligation to pay support shall cease. (see id).
In October 2021, after the parties entered into the Custody and Parenting agreement, the child, RC, started exhibiting medical and psychological issues. (NY St Cts Filing [NYSCEF] Doc No. 89). The child has been diagnosed with the following: Intellectual Disability Disorder, learning Disability, ADHD, Social Pragmatic Disorder, Generalized Anxiety Disorder and Autoimmune Encephalitis. (see id). The New York State Department of Health Office for People with Disabilities (OPWDD) has determined that the child has a developmental disability and is eligible to apply for OPWDD services. (NY St Cts Filing [NYSCEF] Doc No. 95).
The child was evaluated by Start Psychiatric Services and one of the recommendations was that the child go to therapy if not talk therapy, then art or music therapy. (NY St Cts Filing [NYSCEF] Doc No. 96). The child was enrolled in art therapy and the child's doctor, Elizabeth A. Darcy, MD, has found the "[a]rt therapy has been extremely beneficial and conducive for [the child's] high complex behaviors and disabilities. It is essential for [the child's] needs to continue receiving Art Therapy due to her multiple diagnosis". (NY St Cts Filing [NYSCEF] Doc No. 97).
The child's neuropsychiatrist, Deepti Anbarasan, MD, also recommends that the child continue with art therapy. Dr. Anbarasan recommendation is as follows:
Due to a combination of severe symptoms related to autism spectrum disorder and social anxiety disorder, she has difficulties with frustration tolerance and has limited ability to effectively communicate and engage with other people, including therapists. Given that [the child] will not be able to engage in traditional psychotherapies due to these issues, I believe art therapy will greatly benefit her and alleviate symptoms. (NY St Cts Filing [NYSCEF] Doc No. 98).
Excluding child support paid by the Defendant to the Plaintiff, Plaintiff currently receives the following:

Monthly

Annually

NYPD Pension Benefits

$2,519.62

$30,235.44

Spousal Maintenance

$1,110.00

$13,320.00

Child's SSD

$1,672.00

$20,064.00

(NY St Cts Filing [NYSCEF] Doc No. 134).
Defendant currently receives the following:

Monthly

Annually

Pensions & Annuities

NA

$109,300.00

Social Security Benefits

NA

$40,139.00

Magician Business

NA

$2,874.00

Qualified Dividends

NA

$142.00

Total

NA

$152,455.00

(NY St Cts Filing [NYSCEF] Doc No. 131).
Since the parties Judgment of Divorce was granted, Defendant's gross annual income has increased from $134,628.00 to $152,455.00, which is an increase of $17,827.00 or 13.3%.

III. Income
"Income shall mean income as defined in the child support standards act and codified in section two hundred forty of this article and section four hundred thirteen of the family court act[.]" (see Domestic Relations Law § 236 [B] [5-a] [b] [4]).
Domestic Relations Law § 240 [1-b] [b] [5] provides as follows:
(5) "Income" shall mean, but shall not be limited to, the sum of the amounts determined by the application of clauses (i), (ii), (iii), (iv), (v) and (vi) of this subparagraph reduced by the amount determined by the application of clause (vii) of this subparagraph:
(i) gross (total) income as should have been or should be reported in the most recent federal income tax return. If an individual files his/her federal income tax return as a married person filing jointly, such person shall be required to prepare a form, sworn to under penalty of law, disclosing his/her gross income individually;
(ii) to the extent not already included in gross income in clause (i) of this subparagraph, investment income reduced by sums expended in connection with such investment;
(iii) to the extent not already included in gross income in clauses (i) and (ii) of this subparagraph, the amount of income or compensation voluntarily deferred and income received, if any, from the following sources:
(A) workers' compensation,
(B) disability benefits,
(C) unemployment insurance benefits,
(D) social security benefits,
(E) veterans benefits,
(F) pensions and retirement benefits,
(G) fellowships and stipends,
(H) annuity payments, and
(I) alimony or maintenance actually paid or to be paid to a spouse who is a party to the instant action pursuant to an existing court order or contained in the order to be entered by the court, or pursuant to a validly executed written agreement, in which event the order or agreement shall provide for a specific adjustment, in accordance with this subdivision, in the amount of child support payable upon the termination of alimony or maintenance to such spouse; provided, however, that the specific adjustment in the amount of child support is without prejudice to either party's right to seek a modification in accordance with subparagraph two of paragraph b of subdivision nine of part B of section two hundred thirty-six of this article. In an action or proceeding to modify an order of child support, including an order incorporating without merging an agreement, issued prior to the effective date of this subclause, the provisions of this subclause shall not, by themselves, constitute a substantial change of circumstances pursuant to paragraph b of subdivision nine of part B of section two hundred thirty-six of this article.
(iv) at the discretion of the court, the court may attribute or impute income from, such other resources as may be available to the parent, including, but not limited to:
(A) non-income producing assets,
(B) meals, lodging, memberships, automobiles or other perquisites that are provided as part of compensation for employment to the extent that such perquisites constitute expenditures for personal use, or which expenditures directly or indirecly [indirectly]* confer personal economic benefits,
(C) fringe benefits provided as part of compensation for employment, and
(D) money, goods, or services provided by relatives and friends;
"Social Security disability dependents' benefits are an entitlement granted by Congress to children at no purchase cost to the disabled parent" (see Matter of Pinto v Putnam County Support Collection Unit, 295 AD2d 350 [2d Dept 2002] citing Graby v Graby, 87 NY2d 605 [1996]). "Although a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her children" (see id quoting Graby v Graby, 87 NY2d 605 [1996]; citing Cohen v Hartmann, 285 AD2d 675 [3rd Dept 2001]; Zevotek v Zevotek, 257 AD2d 888 [3rd Dept 1999]).
"The mother did not waive her right to child support by accepting the child's Social Security benefits. A dependent child's Social Security benefits are designed to supplement existing resources and are not intended to displace the obligation of parents to support their children" (see Matter of Wendel v Nelson, 116 AD3d 1057 [2d Dept 2014] citing Graby v Graby, 87 NY2d 605 [1996]; Matter of Jones v Smith, 59 AD3d 546 [2d Dept 2009]).
Social Security Disability benefits paid directly to the child are not credited against a payor's child support obligation (see Matter of Bouie v Joseph, 91 AD3d 641 [2d Dept 2012] citing Graby v Graby, 87 NY2d 605 [1996]; Matter of Jones v Smith, 59 AD3d 546 [2d Dept 2009]). Accordingly, the Social Security benefits received by the child are not credited to the Plaintiff as income for the purpose of calculating child support, nor does the Defendant receive any offset against his child support obligation.
When calculating child support, DRL § 240 [1-b] [b] [5] specifically includes in gross [*3]income "social security benefits" (see DRL § 240 [1-b] [b] [5][iii][D]), "pensions and retirement benefits" (see DRL § 240 [1-b] [b] [5][iii][F]), "annuity payments" (see DRL § 240 [1-b] [b] [5][iii][H]), "alimony or maintenance" (see DRL § 240 [1-b] [b] [5][iii][I])
"Pensions represent a form of deferred compensation paid after retirement in lieu of the receipt of greater compensation during the period of employment" (see Pagliaro v Pagliaro, 31 AD3d 728 [2d Dept 2006] citing Majauskas v Majauskas, 61 NY2d 481 [1984]). "Pension rights earned during a marriage, prior to a separation agreement or matrimonial action, are marital property subject to equitable distribution" (see id).
"While certain assets created after the divorce do not constitute marital property, enhanced retirement income is marital property subject to equitable distribution, since a non-employee spouse is entitled to share in the pension of the employee spouse as it is ultimately determined" (see id citing Olivo v Olivo, 82 NY2d 202 [1993]). Recognizing that the Defendant's pension was subject to equitable distribution, the Defendant's pension was distributed on consent of the parties and incorporated into the parties' stipulation of settlement. (NY St Cts Filing [NYSCEF] Doc No. 94; 126).
The Defendant's NYPD pension has been converted from an income stream to an asset, which has been distributed in accordance with the parties' stipulation of settlement. "[O]nce a court converts a specific stream of income into an asset, that income may no longer be calculated into the maintenance formula and payout" (see Holterman v Holterman, 3 NY3d 1 [2004] quoting Grunfeld v Grunfeld, 94 NY2d 696 [2000]).
[C]hild support is governed by a precise formula in the CSSA, which simply does not authorize a court to deduct a distributive award from the titled spouse's income. (see Holterman v Holterman, 3 NY3d 1 [2004]).
The CSSA authorize the inclusion of a distributive award as income to the parent receiving the award. This lack of inclusion in either the list of permissible statutory deductions or the definition of income is understandable because distributive awards "reflect, not income, but a property distribution" of the marital assets (see id citing Scheinkman, New York Law of Domestic Relations § 14:36, 2003 Pocket Part, at 131 [11 West's NY Prac Series 1996]).
Plaintiff's annual share of the Defendant's pension benefits should be included in the computation of her gross income for the purpose of calculating child support. (see Iaquinto v. Iaquinto, 248 AD2d 676 [2d Dept 1998] citing DRL § 240 [1-b] [b] [5][iii][F]).
DRL § 236 [B] [5-a] [c] provides the formula to calculate the presumptively correct temporary maintenance award amount. "Income" for purposes of the formula means income as defined in the Child Support Standards Act, codified at Domestic Relations Law § 240. That statute provides that pension benefits must be included in gross income. DRL § 240 [1-b] [b] [5][iii][F].
Accordingly, the portion of the Defendant's NYPD pension received by the Plaintiff as part of the equitable distribution of the marital assets must be included as part of the Plaintiff's gross income for the purposes of calculating child support.

IV. Modification of Child Support
"Where a party seeks to modify the child support provision contained in a prior order or judgment, he or she must demonstrate a 'substantial change in circumstances'" (see Love v. Love, [*4]303 AD2d 756 [2d Dept 2003] quoting Domestic Relations Law § 236 [B] [9] [b] citing Weiss v. Weiss, 294 AD2d 566 [2d Dept 2002]; Prisco v. Buxbaum, 275 AD2d 461 [2d Dept 2000]; Shedd v. Shedd, 277 AD2d 917 [4th Dept 2000]).
"In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including 'the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children'" (see Matter of Vetrano v Vetrano, 177 AD3d 890 [2d Dept 2019] quoting Matter of Fantel v. Stamatatos, 59 AD3d 717 [2d Dept 2009]; Shedd v. Shedd, 277 AD2d 917 [4th Dept 2000] citing Brescia v. Fitts, 56 NY2d 132 [1982]).
The Parties' stipulation of settlement provides,
In accordance with the provisions of DRL § 236 [B] [9] [b] [2] [ii] and FCA § 451 [2] [b] and for the reasons set forth herein, the Parties to this Agreement acknowledge and understand the provisions of DRL §236 [B] [9] [b] [2] [ii] and FCA § 451 [2] [b], which provide that "the court may modify an order of child support where: (I) a substantial change in circumstances has occurred; or (II) three (3) years have passed since the order was entered, last modified or adjusted; or (III) there has been a change in either Party's gross income by fifteen percent (15%) or more since the order was entered, last modified or adjusted. (NY St Cts Filing [NYSCEF] Doc No. 94; 126).
"[A] party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (see Matter of Holmes v Holmes, 140 AD3d 1066 [2d Dept 2016] quoting Matter of Baumgardner v Baumgardner, 126 AD3d 895 [2d Dept 2015]; citing Matter of Rubenstein v Rubenstein, 114 AD3d 798 [2d Dept 2014]; Matter of Suyunov v Tarashchansky, 98 AD3d 744 [2d Dept 2012]; Family Ct Act § 451).
"In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (see Matter of Gerety v Gerety, 203 AD3d 827, 829 [2d Dept 2022] quoting Matter of Baumgardner v Baumgardner, 126 AD3d 895 [2d Dept 2015]; citing Matter of Oelsner v Heppler, 181 AD3d 916 [2d Dept 2020]).
"A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (see id).
"When determining whether a change in circumstances warranting a modification has occurred, courts must consider several factors, including 'a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children'" (see Matter of O'Connor-Gang v Munoz, 143 AD3d 825 [2d Dept 2016] quoting Matter of Gadalinska v Ahmed, 120 AD3d 1232 [2d Dept 2014] quoting Shedd v. Shedd, 277 AD2d 917 [4th Dept 2000]; citing Love v. Love, 303 AD2d 756 [2d Dept 2003]).
Plaintiff's motion seeking modification of child support was filed on December 28, 2023. [*5]The Parties entered the stipulation of settlement on July 12, 2021. The stipulation of settlement was incorporated, but not merged, into a judgment of divorce issued on March 24, 2022. The evidence presented by the parties demonstrates that there has been a change in circumstances that would warrant the modification of the Defendant's child support obligation as determined in the parties' stipulation of settlement. (see Matter of Jewett v Monfoletto, 72 AD3d 688 [2d Dept 2010] citing Family Ct Act § 461 [b] [ii]; Franklin v Franklin, 268 AD2d 814 [3d Dept 2000]; Strack v Strack, 225 AD2d 872 [3d Dept 1996]; Matter of Fein v Gilchrist, 23 AD3d 558 [2d Dept 2005]; Weiss v Weiss, 294 AD2d 566 [2d Dept 2002]).

V. Guideline Child Support
"A parent has an obligation to provide support for his or her child's basic needs, an obligation which is addressed in Domestic Relations Law §240 (1-b) (c) (1), (2)." (see Cimons v Cimons, 53 AD3d 125 [2d Dept 2008]. The Child Support Standards Act "provides a precisely articulated, three-step method for determining child support." (see Boltz v Boltz, 178 AD3d 656 [2d Dept 2019]. This three-step process includes (1) computing a combined parental income, (2) multiplying that income, up to a certain income cap, by a specific percentage, and (3) determining the amount of income that should be considered for child support purposes if the combined parental income exceeds the income cap. (See Cassano v Cassano, 85 NY2d at 649 [1995]). 
"Child support is not a one-sided obligation placed upon a single parent, but rather an evaluation of the means and responsibilities of both parents and the needs and best interest of the child" (see Matter of O'Connor-Gang v Munoz, 143 AD3d 825 [2d Dept 2016] quoting Chariff v Carl, 191 AD2d 795 [3d Dept 1993]).

Plaintiff

Defendant

Earned income

$2,874.00

Investment Income

$142.00

Social Security Benefits

$40,139.00

NYPD Pension Income

$30,235.44

$109,300.00

Total Income

$30,235.44

$152,455.00

Maintenance Adjustment

$13,320.00

($13,320.00)

Adjusted CSSA Income with Maintenance 
 Adjustment

$43,555.44

$139,135.00

Combined Parental Income

$182,690.44

[*6]Applicable Child Support Percentage

17%

Combined Child Support on Income up to 
 $183,000.00

$31,057.37

Each Parent's Share of Combined Income

23.84%

76.16%

Annual Pro Rata Child Support Obligation

$7,404.42

$23,652.95

Monthly Pro Rata Child Support Obligation

$617.04

$1,971.08

Accordingly, the Plaintiff's request for an upward modification of child support is GRANTED and the Defendant's request for relief in the form of a downward modification of monthly child support is DENIED and commencing on August 1, 2024, Defendant is ORDERED to pay Plaintiff child support in the monthly sum of $1,971.08 [One Thousand Nine Hundred Seventy-One Dollars and Eight Cents]; and it is further,
ORDERED that the pro rata shares for add-on expenses as defined by the parties' stipulation of settlement are modified commencing on August 1, 2024, as follows: Plaintiff's pro rata share shall be 24% and Defendant's pro rata share shall be 76%.
Decretal Paragraphs
It is hereby ORDERED, that Plaintiff's request for an upward modification of child support is GRANTED; and it is further,
ORDERED, that Defendant's request for relief in the form of a downward modification of monthly child support is DENIED; and it is further,
ORDERED, that commencing on August 1, 2024, Defendant shall pay Plaintiff child support in the monthly sum of $1,971.08 [One Thousand Nine Hundred Seventy-One Dollars and Eight Cents]; and it is further,
ORDERED, that the pro rata shares for add-on expenses as defined by the parties' stipulation of settlement are modified commencing on August 1, 2024, as follows: Plaintiff's pro rata share shall be 24% and Defendant's pro rata share shall be 76%; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: July 9, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT