■ STEVEN BAUMAN, Appellant, v BONNIE BAUMAN, Respondent. [608 NYS2d 74] —Amended judgment of divorce, Supreme Court, New York County (Walter Schackman, J.), entered on or about February 18, 1991, and order of the same court and Justice, entered March 3, 1992, which denied plaintiff's motion seeking to vacate the amended judgment of divorce, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion nor exceed its jurisdiction in signing and then refusing to vacate the amended judgment of divorce. We reject, as did the IAS Court, plaintiff's contention that the trial court lacked authority to amend its own judgment after the time within which to perfect an appeal from the original judgment of divorce had expired since a court has the authority, at the request of one of the parties or upon its own initiative, to amend a judgment in order to correct any errors contained therein which do not impair its validity or affect a substantial right of a party, without a time limitation (CPLR 5019 [a]; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.,* 731 F Supp 605, 607; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5019.05).

Although CPLR 5019 (a) is limited in scope and cannot be used as either an alternative to an appeal or as a means of effecting a substantive change in the judgment *(Herpe v Herpe,* 225 NY 323, 327), nevertheless, the "mistake, defect or irregularity" referred to in that statutory provision has been held to include, as here, the correction of a miscomputation of interest *(Marjax Enters. v Upstate Hiawatha Plaza Co.,* 62 AD2d 1159, 1160-1161; *Yamamoto v Costello,* 73 Misc 2d 592, 596). Accordingly the IAS Court refused to vacate the amended judgment, which merely corrected arithmetic miscalculations and ministerial errors in the original judgment so as to grant the defendant an award of arrears in maintenance and child support which included interest and a cost of living increase prescribed by the provisions of the parties' Separation Agreement and which did not substantively affect the plaintiff's rights.

We decline to consider plaintiff's claim, raised for the first time on the present appeal, that the amended judgment affected substantial rights of the parties and could not be used to correct the original judgment *(Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276). Were we to consider that contention, we would nonetheless affirm, as the record reveals that none of the provisions added to the amended judgment of divorce modified substantive provisions of the original judgment.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.