■ JOHN AVILDSEN, Appellant-Respondent, v MYROSLAWA PRYSTAY, Respondent-Appellant. [611 NYS2d 188] —Orders, Supreme Court, New York County (Shirley Fingerhood, J.), entered March 19, 1993, June 21, 1993, October 5, 1993, and October 12, 1993, which, *inter alia,* after a nonjury trial, dismissed plaintiff father's complaint alleging defendant mother's breach of a compromise agreement entered into pursuant to Family Court Act § 516 in settlement of a paternity proceeding, granted defendant judgment on her counterclaim for additional child support, transferred that counterclaim to the Family Court for further proceedings, and granted defendant judgment on her counterclaims for intentional infliction of emotional distress and malicious prosecution, awarded her $225,000 for pain and suffering and loss of earnings and referred the matter of the reasonable value of her attorneys'

fees to a Special Referee to hear and report, unanimously affirmed, without costs.

Plaintiff's contention that defendant's counterclaims for intentional infliction of emotional distress and malicious prosecution are barred by res judicata and the general release clause of the compromise agreement were previously raised and rejected by this Court (Anonymous v Anonymous, 151 AD2d 1056; see also, Avildsen v Prystay, 171 AD2d 13, 21 [Smith, J., dissenting] ["Finally, the arguments which failed to persuade Justice Ascione and this court to dismiss the affirmative defenses and counterclaims in the answer * * *—general release, laches, Statute of Limitations, and failure to state a cause of action—are again alleged."], appeal dismissed 79 NY2d 841). Not expressly addressed in this Court's prior decisions was the question of defendant's claimed breach of the compromise agreement, concerning which we agree with the trial court that there was no violation of the nonmolestation clause by reason of the "minor intrusion[s]" alleged. Nor did the trial court abuse its discretion in permitting defendant to amend her counterclaims for intentional infliction of emotional distress and malicious prosecution to include the present litigation itself (CPLR 3025 [c]; see, Murray v City of New York, 43 NY2d 400).

The trial court's finding that plaintiff commenced this action maliciously was properly based on his "filing and vigorously litigating this action based on four de minimis contacts by [defendant] and then after eight years, withdrawing his claim for money damages" (see, Jestic v Long Is. Sav. Bank, 81 AD2d 255, 258). Legal fees and damages for emotional distress are both recoverable under a cause of action for malicious prosecution (see, United Pickle Co. v Omanoff, 63 AD2d 892; Ford Motor Credit Co. v Hickey Ford Sales, 62 NY2d 291, 303-304). Inasmuch as the counterclaim for malicious prosecution supports the award of damages for emotional distress, the counterclaim for intentional infliction of emotional distress is redundant, but we should nevertheless note our agreement with the trial court's finding that plaintiff's pursuit of this litigation for eight years, withholding of support payments, and eve-of-trial withdrawal of his main claim for return of the support payments he did make under the compromise agreement demonstrate a "deliberate and malicious campaign of harassment or intimidation" (quoting Nader v General Motors Corp., 25 NY2d 560, 569).

On the issue of defendant's damages for pain and suffering,

the $225,000 award was supported by expert testimony and other proof that defendant suffered from stress, anxiety, lack of sleep, phlebitis, hair loss, and inability to work resulting in significant debts to subsidize her legal costs and support the child. It was not necessary for defendant to show special damage *(see, Halio v Lurie,* 15 AD2d 62). There is no merit to defendant's contention that the award is inadequate, or that the court should have granted her motion to increase the ad damnum clause made long after the conclusion of the trial. Nor did the court improperly deny defendant's motion to amend her answer to add a claim for punitive damages made years after the filing of the complaint *(see, Nutri Cheese & Foods v Slavin & Sons,* 184 AD2d 330). Concur—Sullivan, J. P., Wallach, Ross, Rubin and Tom, JJ.