■ In the Matter of MYROSLAWA PRYSTAY, Respondent, v JOHN G. AVILDSEN, Appellant. [632 NYS2d 570] —Order, Family

Court, New York County (Leah Marks, J.), entered on or about May 19, 1994, which rejected respondent's objections to the decision and order of the Hearing Examiner dated March 25, 1994, which, *inter alia*, ordered respondent to pay $1,750 monthly for support of the subject out-of-wedlock child, all medical and dental expenses for the child, all expenses for the child's attendance at private school, all summer expenses including camp to a maximum of $3,500 per summer, all post-secondary education expenses, if appropriate, retroactive support in the amount of $117,250, and petitioner's attorney's fees of $19,125, unanimously modified, on the law and the facts, to the extent of granting respondent's objection to that portion of the Hearing Examiner's order requiring him to pay for the child's private boarding school and to set up a fund of $40,000 to pay for the child's post-secondary schooling, and otherwise affirmed, without costs, and the matter remanded to the Family Court for further proceedings consistent herewith.

Respondent's arguments that Family Court lacked personal jurisdiction over him because neither party is a New York State resident and respondent was never served with a petition were properly rejected. This action was initiated by respondent in the New York County Supreme Court in which petitioner's properly pleaded counterclaim for additional child support was properly transferred to the Family Court (*see, Avildsen v Prystay*, 204 AD2d 154).

In determining that $1,750 per month constitutes an appropriate award for the support of the out-of-wedlock child, the Hearing Examiner properly applied the formula set forth in the Child Support Standards Act (Family Ct Act § 413) and properly took into consideration the factors set forth in subdivision (1) (f) thereof in awarding support in excess of the amount attributable to the first $80,000 of combined parental income (*see, Matter of Cassano v Cassano*, 85 NY2d 649; *Matter of Donna R. v Robert P.*, 209 AD2d 623). However, the Hearing Examiner abused his discretion under Family Court Act § 413 (1) (c) (7) in ordering respondent to pay the tuition and costs of the child's private school education upon the ground that this would enable the child to distance himself from this "never-ending litigation" (*Matter of Cassano v Cassano*, 203 AD2d 563, *affd* 85 NY2d 649, *supra*). This simply does not constitute the type of evidence that would justify the award and the record is devoid of any pertinent evidence as to the child's educational aptitude and needs which might support the award. Similarly, it was improper at this juncture for the Hearing Examiner to order respondent to set up a college fund for the child.

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Nardelli, JJ.