■ In the Matter of NANCY ERICKSON, Respondent, v PETER SCHROTH, Appellant. [665 NYS2d 941] —In a child support proceeding pursuant to Family Court Act article 5, the father appeals from so much of an order of the Family Court, Kings County (Greenbaum, J.), dated July 16, 1996, as denied his objections to that portion of an order of the same court (Spinardi, H.E.), dated April 8, 1995, which calculated his pro rata share of child support as 69% and directed him to pay $2,253 per month in child support and $29,813 in child support arrears.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision thereof denying the father's objections to so much of the Hearing Examiner's order as calculated his pro rata share of child support as 69% and directed him to pay $2,253 per month in child support and $29,813 in child support arrears, and substituting therefor a provision granting those objections and reducing the father's pro rata share to 67% and his child support obligation to $2,077 per month and child support arrears to $27,480, and (2) adding thereto a provision crediting the father with $2,000 in temporary support payments made between March 7, 1995, and July 10, 1995; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The father contends, and the mother correctly concedes, that the Hearing Examiner erroneously counted his deferred compensation contribution as gross income twice, and, therefore, miscomputed his pro rata share of the parties' combined basic child support obligation as 69% (see, Family Ct Act § 413 [1] [c] [2]). Similarly, the Hearing Examiner should have credited the father with $1,607 in "unreimbursed employee business expenses" (Family Ct Act § 413 [1] [b] [5] [vii] [A]). Accordingly, the correct calculation in this regard results in the father's pro rata share being 67%, his monthly child support obligation $2,077 and his arrears $27,480 (see, Family Ct

Act § 413 [1] [b] [1], [2], [3] [i]; [c] [1], [2], [3]). Concomitantly, the father's responsibility for the subject child's unreimbursed medical expenses is reduced to 67%.

The father is likewise correct, as the mother also concedes, that the Hearing Examiner erroneously failed to credit him for certain support payments. Although the Hearing Examiner determined that the father was responsible for support payments retroactive to March 7, 1995—the date of the filing of the instant petition—he erroneously failed to credit the father for support payments he made between that date and July 10, 1995—the date the temporary support order of $645 per month was entered (*see, Family Ct Act* § 545). While the Hearing Examiner found that the $645 per month temporary support order amount was based upon the amount of support the father had been voluntarily paying the mother from the date of the filing of the petition, this finding is not supported by the record. Rather, the only evidence in this regard is the mother's deposition testimony that the amount voluntarily paid by the father prior to entry of the temporary order of support was $500 per month. Accordingly, the father should be credited with $2,000 in temporary support payments for the period of March 7, 1995, to July 10, 1995 (*see, Family Ct Act* § 545).

The father's remaining contentions are either improperly raised for the first time on appeal (*see, Green Point Sav. Bank v Oppenheim,* 217 AD2d 571), or devoid of merit (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Matter of Jones v Reese,* 227 AD2d 783; *Matter of Prystay v Avildsen,* 220 AD2d 337; *Matter of Bill v Bill,* 214 AD2d 84; Family Ct Act § 513). Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.