■ MARIO CHIAVARELLI, Appellant-Respondent, v ROY F. WILLIAMS, Respondent-Appellant. [721 NYS2d 537] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 11, 2000, which denied so much of defendant's post-trial motion as sought to set aside the jury verdict in favor of plaintiff, but granted the motion insofar as to reduce the total damage award to plaintiff from $3,000,000 to $400,000, unanimously modified, on the law, to vacate so much of the reduced damage award as awarded plaintiff attorneys' fees,

thus reducing the total award to $250,000, and otherwise affirmed, without costs.

"Attorneys' fees are not usually compensable in the absence of specific statutory authority, or contractual obligation or incident to recovery for *certain torts* involving malice" (*Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363, 365 [emphasis added], *appeal dismissed* 47 NY2d 951). Although malice was proved in connection with the instant defamation action, it was not the sort of malice arising from disinterested malevolence (*see, e.g., Avildsen v Prystay,* 204 AD2d 154) as would support an award of attorneys' fees. Here, plaintiff has demonstrated only a reckless disregard for the truth (constitutional malice) or a high degree of awareness of the complained of statements' falsity (*see, Foster v Churchill,* 87 NY2d 744, 752, quoting *Liberman v Gelstein,* 80 NY2d 429, 438; *Present v Avon Prods.,* 253 AD2d 183, 188-189, *lv dismissed* 93 NY2d 1032). Thus, the award of attorneys' fees was improper. However, the remaining portion of the award to plaintiff to compensate him for damages other than attorneys' fees, did not, as reduced, materially deviate from what is reasonable compensation under the circumstances. Defendant's challenge to the court's charge to the jury as it related to the standard to be applied is unpreserved, and we decline to reach it. We have examined the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.