■ Susan Sommers, Respondent, v Harold Sommers, Appellant. [807 NYS2d 308]—In an action for a divorce and ancillary relief, the defendant appeals from (1) so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 11, 2003, as granted that branch of the plaintiff's motion which was for an award of an attorney's fee, and (2) so much of an amended judgment of divorce of the same court entered September 19, 2003, as awarded the plaintiff 50% of the parties' two IRA accounts.

Ordered that on the Court's own motion, the decision and order on application of this Court dated March 22, 2004, which granted the defendant's application to withdraw his appeal from the order dated September 11, 2003, is recalled and vacated; and it is further,

Ordered that the order dated September 11, 2003, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly amended the judgment of divorce with respect to the value of the parties' IRA accounts in order to effect the clear intent of the court and the parties as expressed at the inquest resolving issues of equitable distribution (*see* CPLR 5019 [a]; *Verdrager v Verdrager*, 230 AD2d 786 [1996]; *Bauman v Bauman*, 200 AD2d 380 [1994]).

With respect to the award of an attorney's fee, the defendant did not consent to a determination without a hearing (*see Devivo*

*v Devivo*, 2 AD3d 483 [2003]) and specifically objected to that branch of the plaintiff's motion which was for an award of an attorney's fee. Therefore, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the amount of the attorney's fee to be awarded, if any (*see Patterson v Patterson*, 302 AD2d 507 [2003]; *Lynch v Lynch*, 97 AD2d 814 [1983]; *Weinberg v Weinberg*, 95 AD2d 828 [1983]; *Ryan v Ryan*, 92 AD2d 889 [1983]).

The defendant's remaining contention is without merit. Prudenti, P.J., Cozier, Santucci and Luciano, JJ., concur.