◼ In the Matter of TRACY L. JEWETT, Respondent, v MARK MONFOLETTO, Appellant. [897 NYS2d 654]—In a child support proceeding pursuant to Family Court Act article 5-B, the father appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated May 19, 2009, which denied his objections to an order of the same court (Raimondi, S.M.) dated February 23, 2009, which, after a hearing, granted the mother's petition for an upward modification of his child support obligations set forth in a child support order dated July 27, 1998, which was entered upon his consent.

Ordered that the order dated May 19, 2009, is affirmed, with costs.

Contrary to the father's contention, the mother was not required to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase in child support where, as here, the mother was not seeking to modify a separation agreement incorporated, but not merged, into a judgment

of divorce (*cf. Matter of Brescia v Fitts*, 56 NY2d 132, 138-140 [1982]; *Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]). Where a party is seeking to modify a prior court order of child support, the party need only demonstrate a change in circumstances sufficient to warrant a modification (*see* Family Ct Act § 461 [b] [ii]; *Matter of Franklin v Franklin*, 268 AD2d 814 [2000]; *Matter of Strack v Strack*, 225 AD2d 872, 873 [1996]; *cf. Matter of Fein v Gilchrist*, 23 AD3d 558 [2005]; *Weiss v Weiss*, 294 AD2d 566, 567 [2002]). The Family Court properly found that the petitioner had demonstrated such change here.

The father's remaining contentions are either improperly raised for the first time on appeal, or without merit (*cf. Matter of Iadanza v Boeger*, 58 AD3d 733, 734 [2009]; *Matter of Confort v Nicolai*, 309 AD2d 861, 862 [2003]; *Matter of Erickson v Schroth*, 245 AD2d 289, 290 [1997]). Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.