◼ In the Matter of JAMIE W. FITZGERALD, Respondent, v ALAN W. CORPS, Appellant. [926 NYS2d 917]—

The original child support award of $121 per week, plus $104 per week in child-care expenses, was made pursuant to a Family Court order dated October 25, 1995, which was incorporated in the parties' judgment of divorce entered March 27, 1998. Generally, the Family Court may modify a prior support order based upon a "substantial change in circumstances warranting the modification" (*Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007]; *see* Family Ct Act § 451 [2] [a]).

Contrary to the father's contention, the mother's submission of evidence of the father's significant increase in income, coupled with her testimony regarding specific increases in costs relating to the child, including additional expenses incurred after the child was diagnosed with attention deficit hyperactivity disorder in 2008, warranted an upward modification of child support based on a substantial change in circumstances (*see Matter of Ryan v Levine*, 80 AD3d 767 [2011]; *Matter of Jewett v Monfoletto*, 72 AD3d 688 [2010]; *McMahon v McMahon*, 19 AD3d 464, 465 [2005]).

Further, the Support Magistrate properly awarded child support based upon the parties' income in excess of $80,000, and for the reasons articulated by her pursuant to the factors set forth in Family Court Act § 413 (1) (f) (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]).

The Support Magistrate properly declined to award the father direct reimbursement or restitution of overpayments and, instead, limited his relief to a credit against arrears of unreimbursed medical expenses, based upon the strong public policy against restitution or recoupment of support overpayments (*see Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Rader v Rader*, 54 AD3d 919, 920 [2008]; *Matter of Taddonio v Wasserman-Taddonio*, 51 AD3d 935, 936 [2008]; *Du Jack v Du Jack*, 243 AD2d 908, 909 [1997]).

The father's contentions with respect to the allocation of his pro rata share of combined parental income, set forth in a subsequent order of the Support Magistrate dated April 8, 2011, are not properly before this Court.

The father's remaining contentions are without merit. Rivera, J.P., Florio, Austin and Cohen, JJ., concur.