■ DOUGLAS C. MANDITCH, Appellant, v DEVON MANDITCH, Respondent. [929 NYS2d 319]—

In an order dated April 15, 2010, the Supreme Court, in effect, granted that branch of the defendant's cross motion which was to compel the plaintiff to comply with discovery demands to the extent of directing the plaintiff to provide disclosure regarding an alleged new business acquired after the marriage. After receiving a request from the defendant's attorney to clarify the scope of the required disclosure and conducting a conference with the attorneys for both parties, the Supreme Court issued an amended order on June 2, 2010. The amended order clarified that the defendant was entitled to disclosure relating to the alleged new business acquired by the plaintiff after the marriage and/or to new employment entered into after the marriage, as well as retirement benefits and stock options arising out of such new business or new employment, since these retirement benefits and stock options could potentially be marital property under the terms of the parties' prenuptial agreement. The plaintiff subsequently moved, in effect, to vacate so much of the amended order as directed him to disclose information relating to the retirement benefits and stock options obtained by him from the alleged new business and/or from new employment. In the order appealed from, the Supreme Court denied the plaintiff's motion, and we affirm.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in issuing an amended order to clarify the scope of disclosure intended by its prior order dated April 15, 2010 (see Matter of Glazier v Brightly, 81 AD3d 1197, 1199 [2011]; Reback v Reback, 73 AD3d 890 [2010]; Sommers v Sommers, 25 AD3d 685 [2006]). Furthermore, the Supreme Court properly directed the plaintiff to provide disclosure pertaining to the retirement benefits and stock options obtained by him from the alleged new business acquired after the marriage and/or from new employment entered into after the marriage. "Broad pretrial disclosure enabling both spouses to obtain necessary information regarding the value and nature of the martial assets is deemed critical if the trial court is to properly distribute the marital assets" (Goldsmith v Goldsmith, 184 AD2d 619, 620 [1992]; see Kooper v Kooper, 74 AD3d 6, 11 [2010]). Moreover, the disclosure sought by the defendant is "material and necessary" (CPLR 3101 [a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]), since paragraph 4.7 of the parties' prenuptial agreement does not

express an unambiguous intent to classify retirement benefits and stock options arising out of new businesses acquired or employment obtained after the marriage as separate property, rather than marital property subject to equitable distribution upon dissolution of the marriage.

Although the defendant was entitled to the disclosure sought, we note that paragraph 4.7 of the prenuptial agreement is ambiguous because it is reasonably susceptible of more than one interpretation (*see Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]; *Fernandez v Price*, 63 AD3d 672, 675-676 [2009]). Accordingly, the ultimate issue of whether the parties intended that new businesses acquired or employment obtained after the marriage be classified as separate property presents an issue of fact which must await resolution at trial (*see Nappy v Nappy*, 40 AD3d 825, 826 [2007]). Eng, J.P., Chambers, Hall and Lott, JJ., concur.