In the Matter of Elizabeth C. Anderson, Respondent, v Adolph P. Anderson, Appellant. Dutchess County Department of Social Services, Nonparty Respondent. [938 NYS2d 351]—

The parties originally executed a separation agreement that was incorporated, but not merged, into a judgment of divorce dated August 24, 2006. Upon a petition by the mother, the Family Court conducted a hearing, after which the support obligations as set forth in the separation agreement were modified, upon the consent of the parties, in an order of the Family Court dated February 5, 2008. In May 2010 the mother commenced

the instant proceeding to modify the father's child support obligations as set forth in the order dated February 5, 2008.

Where a party seeks to modify a child support order entered on consent, he or she "has the burden of showing that there has been a substantial change in circumstances" (*Matter of Ceballos v Castillo*, 85 AD3d 1161, 1162 [2011]; *see Matter of Jewett v Monfoletto*, 72 AD3d 688, 688-689 [2010]; *Weiss v Weiss*, 294 AD2d 566, 567 [2002]). Here, in light of the testimony and documentary evidence demonstrating the increased cost of clothing, food, and heating oil, as well as the increased expenses related to the son's special education needs and the children's involvement in activities such as music lessons, karate lessons, soccer, and girl scouts, the mother demonstrated a substantial change in circumstances sufficient to warrant the modification of the father's child support obligation (*see Matter of Jewett v Monfoletto*, 72 AD3d at 688-689; *Matter of Jones v Jones*, 239 AD2d 419, 420 [1997]; *Matter of Staffanell v Staffanell*, 220 AD2d 751, 751 [1995]; *Zucker v Zucker*, 187 AD2d 507, 509 [1992]).

The father's remaining contentions are either without merit or improperly raised for the first time on appeal (*see Matter of Jewett v Monfoletto*, 72 AD3d at 689; *Matter of Iadanza v Boeger*, 58 AD3d 733, 734 [2009]). Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.