■ JEAN WALTON LESER, Respondent, v CHRISTOPHER PENIDO, Appellant. [947 NYS2d 441]—

Appeal from order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 28, 2010, which, inter alia, granted plaintiff's motion for summary judgment on her cause of action for libel per se, and appeal from order, same court (Milton A. Tingling, J.), entered March 23, 2011, which granted judgment to plaintiff and directed the parties to settle judgment, deemed appeals from order and judgment (one paper), same court (Milton A. Tingling, J.), entered March 23, 2011, awarding plaintiff compensatory and punitive damages and directing a hearing on attorneys' fees (CPLR 5501 [c]; 5520 [c]), and, so considered, said judgment unanimously affirmed, with costs. Appeal from order, same court (Paul G. Feinman, J.), entered January 6, 2011, which denied defendant's motion for reargument, unanimously dismissed, without costs, as taken from a non-appealable paper. Appeal from the decision of the same court (Milton A. Tingling, J.), entered January 19, 2012, which, following a hearing, awarded plaintiff $20,000 in attorneys' fees and directed the parties to settle order and judgment on notice, unanimously dismissed, without costs, as taken from a non-appealable paper.

The record demonstrates that defendant is responsible for blog and website postings that, on their face, impugned plaintiff's chastity and therefore were libelous per se (*see Ava v NYP Holdings, Inc.*, 64 AD3d 407, 412 [2009], *lv denied* 14 NY3d 702 [2010]). Defendant admitted that he created the website that posted the remarks and pornographic materials and that he alone possessed the password to get into the website, and plaintiff's unrebutted expert evidence linked defendant's IP addresses and a telephone number to the subject website and to his own business website. The evidence adduced at the hearing on damages demonstrates disinterested malevolence on defendant's part, which establishes plaintiff's entitlement to attorneys' fees and supports the court's award of both compensatory and punitive damages (*see Chiavarelli v Williams*, 281 AD2d 255 [2001]). To the extent plaintiff challenges the amount of at-

torneys' fees awarded, his arguments are unavailing, since no appeal lies from a decision directing the parties to settle order, and there is no indication in the record that an order was settled. Nor do we reach defendant's challenge to an order that sealed the pleadings and an exhibit, since the record contains no notice of appeal therefrom. Concur—Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.