■ In the Matter of TINA A. BRAUN, Appellant, v LAWRENCE ABENANTI, Respondent. [960 NYS2d 145]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated January 4, 2012, as denied her objections to so much of an order of the same court (Buse, S.M.), dated September 8, 2011, as, after a hearing, granted her petition, in effect, to enforce an order of support entered February 27, 2001, only to the extent of directing the father to pay the sum of $20 to her for unreimbursed medical expenses, and denied her petition for an upward modification of the father's child support obligation.

Ordered that the order dated January 4, 2012, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the mother's objections to so much of the order dated September 8, 2011, as granted her petition, in effect, to enforce an order of support entered February 27, 2001, only to the extent of directing the father to pay the sum of $20 to her for unreimbursed medical expenses, and denied her petition for an upward modification of the father's child support obligation, are granted, those provisions of the order dated September 8, 2011, are vacated, the petitions are granted, and the matter is remitted to the Family Court, Suffolk County, for the entry of an order directing the father to pay the sum of $20 to the mother for unreimbursed medical expenses and to pay the sum of $1,309 to the orthodontist Mary Buatti Romeo, DMD, and for a new determination of appropriate child support.

An order of support entered February 27, 2001, inter alia, set the father's child support obligation and directed the father to pay 100% of "future reasonable health care expenses not covered by insurance." The child's orthodontia expenses of $1,329 were not covered by insurance. The mother paid only $20 of that sum, claiming she could not afford to pay more. The mother filed a petition, in effect, to enforce the order of support entered February 27, 2001. The mother also filed a petition for an upward modification of the father's child support obligation. The Family Court granted the mother's petition, in effect, to enforce the order of support entered February 27, 2001, only to the extent of directing the father to pay the sum of $20 to her for unreimbursed medical expenses, and denied her petition for an upward modification of the father's child support obligation.

Since the mother demonstrated that she paid $20 of the child's unreimbursed orthodontia expenses, the Family Court's award of $20 to the mother was properly limited to "those sums

for which the mother submitted proof of actual payment to the third-party medical providers" (*Matter of Uriarte v Ippolito*, 54 AD3d 379, 379 [2008]). However, Family Court Act § 413 (1) (c) (5) (v) authorizes the Family Court to direct the payment of reasonable health care expenses unreimbursed by insurance which remain unpaid directly to the health care provider (*see Frei v Pearson*, 244 AD2d 454, 455 [1997]; *Wilson v Wilson*, 203 AD2d 558 [1994]). To insure that the child receives prompt and adequate health care, in addition to awarding the sum of $20 directly to the mother, the Family Court should have directed the father to pay the sum of $1,309 which remained outstanding directly to the child's orthodontist, Mary Buatti Romeo, DMD.

The Support Magistrate concluded that mother failed to establish grounds for an upward modification of the father's child support obligation because she did not demonstrate that her income plus the current child support award were not sufficient to meet the child's needs, citing *Matter of Michaels v Michaels* (56 NY2d 924 [1982]) and *Matter of Brescia v Fitts* (56 NY2d 132 [1982]). However, where a party is seeking to modify a prior court order of child support, which is not based on an agreement between the parties, the movant need only demonstrate a substantial change in circumstances, defined as a change of circumstances "sufficient to warrant a modification" (*Matter of Jewett v Monfoletto*, 72 AD3d 688, 689 [2010]; *see Matter of Levine-Seidman v Seidman*, 88 AD3d 883, 884 [2011]). Here, the significant increase in the father's income over the last decade, and the increase in the child's expenses since the original order of support was entered, warranted a new determination of child support pursuant to the Child Support Standards Act (*see* Family Ct Act § 413).

The mother's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Dickerson and Hall, JJ., concur.