In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Luft, J.), dated March 18, 2013, which denied his objections to an order of the same court (Lynaugh, S.M.) dated January 29, 2013, which, after a hearing, granted the mother’s petition for an upward modification of his child support obligation set forth in a child support order dated August 4, 2011, which had been entered on consent of the parties.
Ordered that the order dated March 18, 2013, is affirmed, without costs or disbursements.
Contrary to the father’s contention, the mother’s petition properly sought to modify a child support order dated August 4, 2011, which was entered on consent of the parties and directed a downward modification of the father’s child support obligation, rather than seeking to modify a stipulation of settlement dated July 27, 2006 (see Matter of Urbach v Krouner, 213 AD2d 833, 835 [1995]; cf. Giambattista v Giambattista, 154 AD2d 920, 921 [1989]).
At the time the support order entered on consent was issued, the parties shared physical custody of the subject child. However, it is undisputed that visitation between the father and the child subsequently ceased, and thé mother’s expenses related to the child had increased significantly as a result of the *948 child living exclusively with her. This change constituted a substantial change in circumstances sufficient to warrant the modification of the father’s child support obligation (see Matter of Anderson v Anderson, 92 AD3d 779, 780 [2012]; Matter of Grucci v Villanti, 108 AD3d 626, 626 [2013]; cf. Matter of Dimaio v Dimaio, 111 AD3d 933 [2013]).
Accordingly, the Family Court properly denied the father’s objections to the order dated January 29, 2013, which granted the mother’s petition for an upward modification of his child support obligation. Rivera, J.E, Leventhal, Austin and Roman, JJ., concur.