■ In the Matter of CATHERINE O'CONNOR-GANG, Respondent, v MARCO E. MUNOZ, Appellant. [39 NYS3d 67]—

Appeal by the father from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered January 12, 2016. The order denied the father's objections to an order of that court (Esther R. Furman, S.M.), dated July 22, 2015, which, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation.

Ordered that the order entered January 12, 2016, is affirmed, with costs.

The mother and the father were divorced by a judgment dated May 25, 2005. They have one child. Pursuant to a stipulation, which was incorporated but did not merge into the judgment of divorce, the parties agreed to deviate from the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) and consented to an order of basic child support requiring the father to pay the mother the sum of $800 per month. In addition to basic child support, the father agreed to pay 50% of statutory add-ons, including child care expenses and unreimbursed health care expenses.

In April 2011, the mother commenced this proceeding, seek-

ing an upward modification of the father's child support obligation. By order dated August 29, 2013, a support magistrate granted the mother's petition and increased the father's child support obligation from $800 per month to $4,000 per month. By order dated December 16, 2013, the Family Court granted the father's objections to the order dated August 29, 2013, to the extent of remanding the matter to the Support Magistrate for further proceedings regarding the father's income and a modified child support order based on such income. By order dated July 22, 2015, the Support Magistrate, after a hearing, directed the father to pay child support in the sum of $3,000 per month, along with 79% of child care expenses and unreimbursed health care expenses, retroactive to the filing date of the petition. By order entered January 12, 2016, the Family Court denied the father's objections to the order dated July 22, 2015. The father appeals from the order entered January 12, 2016.

The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Khorshad v Khorshad*, 121 AD3d 857, 858 [2014]; *Martin v Martin*, 80 AD3d 579 [2011]). Here, the parties' stipulation set forth their respective child support obligations and was executed prior to the effective date of the 2010 amendments to Family Court Act § 451 (*see* L 2010, ch 182, § 13). Therefore, to the extent the parties did not contract otherwise (*see Martin v Martin*, 80 AD3d at 580), in order to establish her entitlement to an upward modification of the father's child support obligation, the mother had the burden of establishing a substantial and unanticipated change in circumstances resulting in a concomitant need (*see Matter of Suchan v Eagar*, 121 AD3d 910 [2014]; *Matter of Corbisiero v Corbisiero*, 112 AD3d 625, 626 [2013]), or that the needs of the children were not being met (*see Nelson v Nelson*, 75 AD3d 593, 594 [2010]; *Matter of Alexander v Strathairn*, 69 AD3d 930, 931 [2010]).

"When determining whether a change in circumstances warranting a modification has occurred, courts must consider several factors, including 'a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children' " (*Matter of Gadalinska v Ahmed*, 120 AD3d 1232, 1233 [2014], quoting *Shedd v Shedd*, 277 AD2d 917, 918 [2000]; *see Matter of Love v Love*, 303 AD2d 756 [2003]). "Child support is not a one-sided obligation placed upon a single parent, but rather an

evaluation of the means and responsibilities of both parents and the needs and best interest of the child" (*Matter of Chariff v Carl*, 191 AD2d 795, 796 [1993]).

Here, contrary to the father's contention, the evidence adduced at the hearing regarding, among other things, the father's significant increase in income, increases in costs relating to the subject child, including additional expenses incurred as a result of the child's special needs, and the father's failure to make the substantial noneconomic contributions contemplated by the parties' stipulation, was sufficient to warrant an upward modification of child support based on a substantial change in circumstances resulting in a concomitant need (*see Matter of Fitzgerald v Corps*, 86 AD3d 611, 612 [2011]; *Matter of Ryan v Levine*, 80 AD3d 767 [2011]; *Matter of Sidoti v Sidoti*, 41 AD3d 944 [2007]; *Matter of Wettstein v Verga*, 39 AD3d 869 [2007]).

Furthermore, upon remand, the Support Magistrate properly awarded child support in the sum of $3,000 per month, for the reasons articulated by her pursuant to the factors set forth in Family Court Act § 413 (1) (f) (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Fitzgerald v Corps*, 86 AD3d at 612).

The father's remaining contentions are without merit.

Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order dated July 22, 2015. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.