Appeal by the father from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated June 24, 2016. The order, insofar as appealed from, denied the father’s objections to stated portions of an order of that court (John M. Fasone, S.M.), dated March 11, 2016, made after a hearing and upon findings of fact dated March 11, 2016, granting the mother’s motion for an upward modification of the father’s child support obligation and directing the father to pay his pro rata portion of the subject child’s private elementary school tuition expenses, and remitted the issues of the necessity of summer camp expenses and the calculation of reasonable weekend child care expenses to the Support Magistrate to compute the father’s share of any such expenses and to recalculate support arrears.
 

 Ordered that the appeal from so much of the order dated June 24, 2016, as remitted issues to the Support Magistrate for further proceedings is dismissed; and it is further,
 

 Ordered that the order dated June 24, 2016, is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the mother.
 

 The parties, who were never married, are the parents of one child. After an order of filiation established the father’s paternity, an order of support directed the father to pay child support in the sum of $200.54 biweekly. On March 28, 2005, the order of support was modified by an order on consent, pursuant to which the parties agreed to deviate from the father’s basic child support obligation, that the father would pay for child care, and that the parties would allocate the child’s private school educational expenses between them. The order on consent directed the father to pay, in addition to his basic child support in the sum of $200.54 biweekly, $117 biweekly for child care and $39.23 biweekly for educational expenses. In June 2011, a Cost of Living Adjustment (COLA) order increased the father’s basic child support obligation to the sum of $230 biweekly.
 

 In April 2013, the mother commenced this proceeding for an upward modification of the father’s child support obligation. The matter proceeded to a hearing before a Support Magistrate. At the conclusion of the hearing on December 9, 2015, the Support Magistrate issued an order dismissing the mother’s petition as academic, apparently due to a clerical error. On March 11, 2016, the Support Magistrate issued a modified order and findings of fact granting the mother’s petition to the extent of increasing the father’s basic child support obligation and directing him to pay his pro rata share of certain child care expenses, including the child’s 2013 summer camp and after-school care expenses, as well as tuition for the child’s private elementary school.
 

 Both the father and the mother filed objections to the March 11, 2016, order and in an order dated June 24, 2016, the Family Court denied the father’s objections, granted the mother’s objections in part, and remitted the matter to the Support Magistrate to, inter alia, make a finding as to whether summer camp expenses for 2014 were necessary child care expenses, to calculate weekend child care expenses for 2014 during the days when the mother was working, and to recalculate arrears as appropriate. The father appeals.
 

 The portion of the order that remitted the issues of the necessity of summer camp and the calculation of weekend child care expenses to the Support Magistrate for further proceedings is not dispositional and, therefore, not appealable as of right (see Matter of Galeano v Delaney, 35 AD3d 858 [2006]), and we decline to grant leave to appeal from that portion of the order.
 

 Contrary to the father’s contention, the Family Court did not err in determining that the December 9, 2015, order dismissing the mother’s petition as academic was an inadvertent clerical error and that the Support Magistrate’s issuance of the March 11, 2016 order in correction was proper (see CPLR 5019 [a]; Braunstein v Braunstein, 132 AD3d 620, 625 [2015]; Kim v Schiller, 112 AD3d 671, 674-675 [2013]; Manditch v Manditch, 87 AD3d 985, 986 [2011]; Reback v Reback, 73 AD3d 890, 890 [2010]; Board of Mgrs. of Sea Breeze II Condominium v Kwiecinski, 72 AD3d 630, 630 [2010]; Sommers v Sommers, 25 AD3d 685, 685 [2006]).
 

 In order to obtain an upward modification of the father’s support obligation as set forth in the order on consent, the mother was required to show a substantial change in circumstances since the issuance of that order (see Matter of Morgan v Spence, 139 AD3d 859, 861 [2016]; Matter of Kay v Desantis, 114 AD3d 947, 947-948 [2014]; Matter of Rabasco v Lamar, 106 AD3d 1095, 1096 [2013]; Matter of Braun v Abenanti, 103 AD3d 717, 719 [2013]; Matter of Anderson v Anderson, 92 AD3d 779, 780 [2012]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1162 [2011]; Matter of Ish-Shalom v Wittmann, 81 AD3d 648, 648 [2011]). The mother demonstrated a substantial change in the parties’ financial circumstances from the time the March 28, 2005, order was issued and the time her petition was filed in April 2013, and an increase in the child’s expenses over that period (see Matter of O’Connor-Gang v Munoz, 143 AD3d 825, 827 [2016]; Matter of Braun v Abenanti, 103 AD3d at 719; Matter of Anderson v Anderson, 92 AD3d at 780; Matter of Fitzgerald v Corps, 86 AD3d 611, 612 [2011]; Matter of Ish-Shalom v Wittmann, 81 AD3d at 648).
 

 The March 28, 2005 order on consent was accompanied by findings of fact. The findings of fact, which the father did not challenge, memorialized the parties’ agreement to allocate the cost of the child’s private elementary school expenses in exchange for a reduction in the father’s basic child support obligation. In light of this agreement, as well as the testimony that the child, who was in middle school at the time of the filing of the mother’s modification petition, had attended the private elementary school for the entirety of her education and the lack of any evidence that the father did not have the financial ability to contribute to the child’s private elementary school educational expenses, the father was properly directed to pay his pro rata share of the child’s private elementary school tuition (see Matter of Noah v Feld, 128 AD3d 1071, 1072 [2015]; Matter of Macari v Marichal, 83 AD3d 942, 943 [2011]; see also Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1114 [2012]).
 

 The father’s remaining contentions are either unpreserved for appellate review or without merit.
 

 Leventhal, J.P., Austin, Maltese and Iannacci, JJ., concur.