Matter of Calenda v Calenda (2018 NY Slip Op 00830)





Matter of Calenda v Calenda


2018 NY Slip Op 00830


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-02074
2017-02075
 (Docket No. F-4664-15/15A)

[*1]In the Matter of Susan Calenda, respondent, 
v
Phillip Calenda, appellant.


Phillip Calenda, Briarcliff Manor, NY, appellant pro se.
Goldschmidt & Genovese, LLP, White Plains, NY (Theresa A. Girolamo of counsel), for respondent.



DECISION & ORDER
Appeals from (1) an order of the Family Court, Westchester County (Rosa Cabanillas-Thompson, S.M.), entered October 14, 2016, and (2) an order of that court (Nilda Morales Horowitz, J.) entered February 8, 2017. The order entered October 14, 2016, after a hearing, granted the mother's petition for an upward modification of the father's child support obligation. The order entered February 8, 2017, denied the father's objections to the order entered October 14, 2016.
ORDERED that the appeal from the order entered October 14, 2016, is dismissed, as that order was superseded by the order entered February 8, 2017; and it is further,
ORDERED that the order entered February 8, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties, who were married in 1999, have two children born of the marriage. On May 21, 2010, the parties entered into a stipulation of settlement that was incorporated, but not merged, into a judgment of divorce dated October 4, 2010. Based upon adjusted gross income of $230,000 attributed to the father and $58,606 attributed to the mother, the stipulation provided, among other things, that the father was to pay child support in the sum of $4,500 per month. The stipulation of settlement further provided, inter alia, that if the father earned more than $230,000 in gross income for the 2013 tax year, or any year thereafter, the mother would have the right to petition for an increase in child support upon a showing of a substantial change of circumstances (cf. L 2010, ch 182, § 6; Matter of Thomas v Fosmire, 138 AD3d 1007, 1007).
In December 2014, the mother petitioned for an upward modification of the father's child support obligation. At a hearing on the petition, evidence was presented that the father's wages were more than $500,000 in 2013. The Support Magistrate granted the mother's petition and increased the father's child support obligation to $7,125 per month. The father filed objections to the Support Magistrate's order, and the Family Court denied his objections. The father appeals.
The Support Magistrate properly determined that there had been a substantial change of circumstances warranting an upward modification of the father's child support obligation. "In determining whether there has been a change in circumstances warranting a modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 897 [internal quotation marks omitted]; see Matter of Brescia v Fitts, 56 NY2d 132, 141; Matter of Fantel v Stamatatos, 59 AD3d 717, 718). Under the circumstances of this case, the significant increase in the father's income between the time of the stipulation and the time of the application for modification, as well as a showing of increased expenses related to the children, depletion of the mother's assets, and her substantial debt, warranted a new determination and an upward modification of the father's child support obligation (see Matter of Baumgardner v Baumgardner, 126 AD3d at 897; Matter of Braun v Abenanti, 103 AD3d 717, 719; Matter of Green v Silver, 96 AD3d 843, 845). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court