Matter of Elkins v Mizrahi (2018 NY Slip Op 01920)





Matter of Elkins v Mizrahi


2018 NY Slip Op 01920


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-07045
 (Docket No. F-6806-15)

[*1]In the Matter of Jennifer Elkins, etc., appellant- respondent, 
v
Aaron Mizrahi, respondent-appellant.


Kevin E. Rockitter, P.C., Woodbury, NY, for appellant-respondent.



DECISION & ORDER
Appeal and cross appeal from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated May 8, 2017. The order, insofar as appealed from, denied the mother's objection to so much of an order of that court (Lisa M. Williams, S.M.) dated September 16, 2016, as, after a hearing, awarded the father a credit of $28,614.54 against his child support obligation.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order dated May 8, 2017, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the mother's objection to so much of the order dated September 16, 2016, as awarded the father a credit of $28,614.54 against his child support obligation is granted, and so much of the order dated September 16, 2016, as awarded the father a credit of $28,614.54 against his child support obligation is vacated.
The parties, who have three children together, were divorced in March 2008. In 2014, the parties entered into a stipulation whereby they agreed, inter alia, that the father would pay the mother a lump sum of $50,000 in full satisfaction of his accrued child support arrears, which, at that time, exceeded $70,000, and that the father's child support obligation would be terminated going forward. The mother received the $50,000 payment on November 21, 2014. In an order dated January 29, 2015, the Family Court, giving effect to the stipulation, terminated, upon the parties' consent, the father's child support obligation with respect to the parties' three children, and directed that the father's remaining child support arrears of $21,385.46, plus current support of $917.30, be deemed satisfied.
In July 2015, the mother filed a petition for support with respect to the parties' two youngest children, alleging, among other things, that the stipulation was void and unenforceable to the extent that it purported to waive future child support. The Family Court agreed with the mother that her agreement to waive future child support was void as against public policy. Insofar as relevant to this appeal, the Support Magistrate, in an order of support dated September 16, 2016, made after a fact-finding hearing, determined that the father should be awarded a credit of $28,614.54 against his child support obligation, calculated by crediting his previous $50,000 payment and deducting therefrom his prior child support arrears of $21,385.46. The mother objected, inter alia, to the Support Magistrate's calculation, contending that the father was not entitled to any child support credit, since his prior payment of $50,000 was in satisfaction of [*2]$71,385.46 in arrears. In an order dated May 8, 2017, the Family Court denied the mother's objections. The mother appeals.
The record demonstrates that the Support Magistrate erred in awarding the father a credit of $28,614.54 against his child support obligation. Contrary to the Support Magistrate's determination, the father's previous payment of $50,000 did not result in an overpayment of child support; to the contrary, the payment discharged $71,385.46 in arrears. Thus, the father is not entitled to any credit with respect to the child support obligation presently at issue, and the Family Court erred in denying the mother's objection to the $28,614.54 credit (see Family Ct Act § 440; cf. Matter of Erickson v Schroth , 245 AD2d 289). Accordingly, we reverse the order dated May 8, 2017, insofar as appealed from and modify the September 16, 2016, order accordingly.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court