Fasano v Fasano (2018 NY Slip Op 06228)





Fasano v Fasano


2018 NY Slip Op 06228


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-03417
2017-07930
 (Index No. 32031/13)

[*1]Susan A. Fasano, appellant, 
v
Nicholas C. Fasano, respondent.


Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Nicole J. Brodsky of counsel), for appellant.
Arza Rayches Feldman, Uniondale, NY (Steven Feldman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated March 3, 2016, and (2) a judgment of divorce of the same court entered June 23, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation, which was set forth in a stipulation of settlement dated October 25, 2012. The judgment of divorce, insofar as appealed from, incorporated but did not merge the stipulation of settlement, and awarded the plaintiff child support in the sum of only $1,500 per month.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law and the facts, so much of the order as denied that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff's motion in accordance herewith and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in 1993 and have two children together. On October 25, 2012, the parties entered into a stipulation of settlement regarding a prior divorce action. The stipulation provided that although the defendant's monthly child support obligation using the Child Support Standards Act (hereinafter CSSA) calculation (see Domestic Relations Law § 240[1-b]) would be $1,994.45 on the first $130,000 of combined parental income and $2,575.61 on the total combined parental income, the parties had agreed that the defendant's monthly child support obligation would be $1,500. The stipulation also provided that there would be no "add-ons" or "additional health costs" added to these child support payments, even though the CSSA generally provides that each parent's share of unreimbursed health care expenses is to be prorated in the same proportion as each parent's income is to the combined parental income (see Domestic Relations Law § 240[1-b][c][5][v]; Castello v Castello, 144 AD3d 723, 727). The stipulation contained an [*2]explanation that the deviation from the CSSA calculation was necessary "to allow the [defendant] to retain the marital residence as a place for the children to be with him when they are together" and had "been agreed by the parties to be in the best interests of the children to provide them continuity and stability in their living and educational environments."
In December 2013, after the prior action had been discontinued, the plaintiff commenced this action for a divorce and ancillary relief, requesting that the terms of the stipulation of settlement be incorporated into the judgment of divorce. In June 2014, the plaintiff moved, inter alia, for an upward modification of the defendant's child support obligation, including an add-on for unreimbursed health care expenses. The plaintiff presented evidence that the defendant had recently sold the marital residence and was moving to another residence in a different school district. The plaintiff also presented evidence that one of the children had begun incurring significant unreimbursed health care expenses after being hospitalized for mental illness.
In an order dated March 3, 2016, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation. A judgment of divorce entered June 23, 2017, among other things, incorporated but did not merge the stipulation of settlement, and awarded the plaintiff child support in the sum of $1,500 per month. The plaintiff appeals from these portions of the order and the judgment of divorce.
The appeal from the order should be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]).
The Supreme Court should have granted that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation. The stipulation indicated that the parties' reason for deviating from the CSSA calculation was to allow the defendant to retain the marital residence as a place for the children to be with him when they were together. Under these circumstances, the defendant's actions in selling and moving away from the marital residence constituted a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][2][I]; Matter of O'Connor-Gang v Munoz, 143 AD3d 825, 827).
Accordingly, we reverse the judgment of divorce insofar as appealed from, vacate so much of the order as denied that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation, and remit the matter to the Supreme Court, Suffolk County, for a new determination of that branch of the plaintiff's motion after applying the CSSA calculation and thereafter the entry of an appropriate amended judgment.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court