Matter of Camaiore v Farance (2020 NY Slip Op 03102)





Matter of Camaiore v Farance


2020 NY Slip Op 03102


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10219 
2019-02559
2019-08588
 (Docket Nos. F-04307-13/17G, F-04307-13/17H, F-04307-13/17I)

[*1]In the Matter of Marguerite Camaiore, respondent.
v
Frank Farance, appellant.


Frank Farance, New York, NY, appellant pro se.
Marguerite Camaiore, Astoria, NY, respondent pro se.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 22, 2018, (2) an order of the same court also dated June 22, 2018, and (3) an order of the same court dated June 10, 2019. The first order dated June 22, 2018, insofar as appealed from, denied the father's objections to an order of disposition of the same court (Solange N. Grey-Humphreys, S.M.) dated April 23, 2018, which, after a hearing and upon finding of facts dated April 23, 2018, granted the mother's violation petition and remitted certain issues to the Support Magistrate. The second order dated June 22, 2018, denied the father's objections to an order of the same court (Solange N. Grey-Humphreys, S.M.) also dated April 23, 2018, which, after a hearing, denied the father's petition for a downward modification of his child support obligation. The order dated June 10, 2019, denied the father's objections to an order of the same court (Solange N. Grey-Humphreys, S.M.) dated April 9, 2019, which, after a hearing, denied the father's separate petition for a downward modification of his child support obligation.
ORDERED that the appeal from so much of the first order dated June 22, 2018, as remitted issues to the Support Magistrate is dismissed, without costs or disbursements; and it is further,
ORDERED that the first order dated June 22, 2018, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the second order dated June 22, 2018, and the order dated June 10, 2019, are affirmed, without costs or disbursements.
The portion of the first order dated June 22, 2018, that remitted certain matters to the Support Magistrate is not dispositional and, therefore, not appealable as of right (see Matter of Doughtry v Jacobs, 155 AD3d 947), and we decline to grant leave to appeal from that portion of the order.
Contrary to the father's contentions, the record supports the Support Magistrate's April 9, 2019, determination, made after a hearing, that the father did not demonstrate a substantial change in circumstances and was thus not entitled to a downward modification of his child support obligation, as set forth in a child support order dated August 4, 2016 (see Matter of Evans v White, 173 AD3d 864; Matter of Berg v Berg, 166 AD3d 766).
The father's remaining contentions are without merit.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court