Leffler v Kotick

2026 NY Slip Op 03233

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marc Leffler, Plaintiff-Appellant-Respondent,

v

Joel M. Kotick, Defendant-Respondent-Appellant.

Decided and Entered: May 21, 2026

Index No. 155820/18|Appeal No. 6683|Case No. 2025-05709|

Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Law Office of Richard A. Altman, New York (Marc Leffler of counsel), for appellant-respondent.

Joel M. Kotick, New York, respondent-appellant.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 8, 2025, which, after an inquest on oral testimony, awarded plaintiff $72,000 in damages for defamation, unanimously modified, on the law and the facts, to increase the award to $100,000, and otherwise affirmed, without costs.

An award of $100,000 in compensatory damages for defendant's defamatory statements accusing plaintiff, an attorney, of perjury and suborning perjury constitutes reasonable compensation for his reputational harm (see Couteller v Mamakos, 244 AD3d 556, 558 [1st Dept 2025]). Plaintiff testified that he was forced to field questions regarding the defamatory statements from clients, coworkers at his law firm, and the insurance company that insured his clients. While he was unable to explicitly quantify the harm to his career, "in cases involving defamation per se, the law presumes that damages will result and special damages need not be alleged or proven" (Kasavana v Vela, 172 AD3d 1042, 1046 [2d Dept 2019]; see Brinkley v Casablancas, 80 AD2d 428, 435 [1st Dept 1981]).

However, it would be improper to include defendant's conduct during the proceedings as well as legal fees incurred by plaintiff in the reasonable compensation analysis (see Chiavarelli v Williams, 281 AD2d 255, 256 [1st Dept 2001]). Plaintiff's testimony failed to substantiate an award of punitive damages (see Couteller, 244 AD3d at 558).

Furthermore, defendant failed to proffer any evidence to justify reducing the award during the inquest, and his arguments on appeal are unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026